### IN

# THE SUPREME COURT

#### OF THE

## STATE OF ARKANSAS,

IN JANUARY TERM, 1837, BEING THE 61st YEAR OF OUR INDEPENDENCE.

---

### GOINGS *against* MILLS.

### ERROR *to* Pulaski Circuit Court.

If a party attempts to plead in bar a payment made after suit commenced, he must show a full payment, not only of the debt and interest, but also of all costs accrued in the suit.

A Constable is not authorized to receive payment of a debt, by his official character, unless when he obtains that authority by a writ of execution; and a payment made to him before the issuance of an execution will not release the party making it; nor will the Constable's receipt be any defence to the action.

An appeal granted from the judgment of a Justice after the lapse of thirty days from the rendition of the judgment, would be unauthorized and void, and would not warrant the Circuit Court in assuming jurisdiction.

A mandamus is not a writ of right, but within the discretion of the court, and the party applying for it must show a specific legal right, and the absence of any other specific legal remedy.

The prayer of an appeal within thirty days after judgment rendered, the offer of special bail as required by law, and a refusal by the Justice to grant the appeal, if shown upon the application for the *mandamus*, might have been sufficient to authorize the Court to grant the writ, and if such facts appeared upon the return to the writ, might furnish a sufficient ground for the Court to take cognizance of and adjudicate the cause upon its merits.

Unless these facts or others appear upon the record, a writ of mandamus will be held to have irregularly issued, and to have given no jurisdiction to the Circuit Court.

The facts in this case are stated with great particularity in the opinion delivered. The questions raised upon argument, were: 1st, Whether the Circuit Court could order an appeal to be granted by a

LITTLE
ROCK,
Jan'y 1837.
~~~~~
GOINGS
vs.
MILLS,

Justice of the Peace, after more than thirty days had elapsed since the rendition of the judgment before him. 2d, The right of the Circuit Court to hear, try, and determine the case without an appeal having been prayed before the Justice. 3d, The propriety of admitting a certain receipt in evidence, given by the Constable, without proof that he was authorized to receive the money. And 4th, Whether the Circuit Court erred in deciding the Constable's receipt for thirty dollars to be full satisfaction for a judgment of thirty dollars and fifty cents debt, sixty-eight cents damages, and costs.

HALL for the plaintiff in error, referred to *Dig.* p. 574, sec. 57, and contended that the Constable could not release the plaintiff's demand unless he had a process to warrant it, or a letter of attorney, *Dig.* 129; and that the plea of payment after the impetration of an original writ, ought to show the payment of debt, damages, and costs, to warrant the judgment rendered in this case by the Court below. 1 *Chitty*, Plea *puis darrein continuance.*

SCOTT, *Contra:* The questions to which the attention of the Court is called, are:

1st, The right of appeal. This right is given by statute, in all cases in which any person may think himself aggrieved by a judgment of a Justice of the Peace. See *Digest*, page 374, sec. 57. The Circuit Court had the exclusive right to determine its appellate jurisdiction under the Territorial Government. In all cases of appeal its judgments were final and conclusive. The Superior Court of the Territory had no jurisdiction, original or appellate, where the debt or damages claimed did not exceed a hundred dollars. Neither could a writ of error or appeal have laid in this cause from the Superior to the Circuit Court of the Territory. See *Digest*, title *Organic Law*, page 29, sec. 10; page 32, *Ch.* 1, sec. 1; page 38, sec. 7. If, then, the decision of the Circuit Court of the Territory was final in this case, how could the Constitution of the State clothe this Court with the power to open and revise their judgment: the Constitution having been adopted since the said judgment was rendered.

The 2d question to which the attention of the Court is invited is the payment to the Constable. This is an important question, and it is to be regretted that no authority can be had to settle the question. It would seem to be in accordance with the principles of justice and equity that the defendant should be allowed to stay the proceedings

in an action against him, and to relieve himself of costs by payment of the debt, &c.; and who so fit a person to receive it as the officer having the process: the Justice cannot receive it.   See *Digest*, page 360, sec. 29.

3d, If the payment to the Constable was a good payment, his receipt was evidence of the fact.   In all cases of appeal from Justices' jurisdiction, the Circuit Court were required to take up the case " *de novo*" and try the same upon its merits, having no regard to the proceedings before the Justice.   This defendant had a set off *vs.* the plaintiff which with the thirty dollars paid the Constable was amply sufficient to discharge the debt and costs due said plaintiff.   See *Digest*, page 375, sec. 60.

This defendant insists that this Court ought not to entertain jurisdiction in this cause, but should dismiss the same.   Or if the Court believe they have jurisdiction, the judgment of the Court below ought to be confirmed.

RINGO, *Ch. J.*, delivered the opinion of the Court:

This was an action commenced before JOHN HOTT, a Justice of the Peace, by the plaintiff in error against the defendant, founded on a promissory note for $30 50.   The original summons bears date and appears to have been duly executed on the defendant on the 11th day of May, 1835.   On the 21st day of May, 1835, that being the return day of the summons, the plaintiff obtained a judgment by default for the amount of her said debt and also sixty-eight cents damages and costs of suit.   On the 26th day of October, 1835, *Mills* applied to the Circuit Court of Pulaski county for a mandamus to the Justice of the Peace, requiring him to grant an appeal and to send the proceedings and papers to the Circuit Court.   The Court entertained the motion and ordered the writ to issue upon the defendant *Mills'* entering into bond before the Clerk of said Circuit Court in the sum of one hundred dollars.   And on the 22d day of January, 1836, a peremptory mandamus was issued by the Clerk of said Court to the Justice of the Peace, requiring him to grant an appeal and send the proceedings and papers to the Circuit Court; and the Justice thereupon certified a transcript of the proceedings on his docket and deposited the same together with the original papers in the cause with the Clerk of the Circuit Court; whereupon the Circuit Court proceeded to try and determine the cause upon its merits and give a final

LITTLE ROCK, Jan'y 1837.

GOINGS *vs.* MILLS.

LITTLE
ROCK,
Jan'y 1837.

GOINGS
vs.
MILLS.

judgment for the defendant in error, to reverse which this writ of error has been prosecuted, and several errors assigned.   The first questions the authority of the Circuit Court to order an appeal to be granted after the expiration of thirty days after the rendition of the judgment before the justice.   The second questions the right of the Circuit Court to take cognizance of and try the cause without an appeal having been prayed from the Justice's judgment.   The third questions the correctness of a decision of the Circuit Court in admitting a receipt of *James F. Johnson* to be given in evidence on the trial without any proof that he was authorized to receive the money therein mentioned.   And the fourth questions the decision of the Circuit Court, that thirty dollars, as received by *Johnson* after the institution of the suit, was a full payment of the plaintiff's debt as well as the damages and costs of suit.   During the trial in the Circuit Court a bill of exceptions was taken by the plaintiff in error to the decision of the Court admitting the receipt of *Johnson* as evidence and deciding that it was sufficient evidence of full payment of the plaintiff's demand.   The receipt as set out in the bill of exceptions is as follows: " Received of "*Mr. James Mills* thirty dollars on account of *Lucy Goings'* suit brought "before JOHN HUTT, Esquire, on a note of hand for thirty dollars and "fifty cents.                     JAMES F. JOHNSON,

*Constable of Big Rock Township.*"

"The above amount is in full for debt and costs of constable, *James* "*F. Johnson*, constable."   The bill of exceptions further states that the plaintiff produced the defendant's note on the trial and that *Johnson* was at the time of executing said receipt Constable of Big Rock township, in Pulaski county, and that the receipt bears date after the service of the original warrant on the defendant and before the return day thereof, which is also stated to have been all of the evidence produced on the trial in the Circuit Court.   In considering the third and fourth assignments of errors, especially the latter, we have been at a loss to conceive upon what principle the receipt for thirty dollars (if admissible at all as evidence) could have been held by the Circuit Court to be a full payment and satisfaction of the plaintiff's demand for $30 50, besides the interest accrued thereon, which amounted to about sixty-eight cents, and the costs of suit.   It is apparent upon the face of the receipt that the amount paid was not equal to the amount of the debt, without costs or interest, and nothing is said as to the Justice's costs; and it is understood to be a principle well settled that

*if a party attempts to plead a payment made after suit commenced in bar of the action, he must show a full payment, not only of the whole debt and interest, but also of all costs accrued in the suit.* This is not shown by the receipt in question; and there can be no doubt that the Court erred in deciding that it was sufficient evidence of full payment of the plaintiff's demand. But the receipt was not, in our judgment, legitimate evidence to prove the payment of the debt. It was given by the Constable after he had served the summons on the defendant and before the return day thereof, and it is not pretended that he had any authority to receive the money except such as was derived from his official character as Constable. In that character he was only authorized to do what the process in his hands commanded him to do; and when he had served and returned the summons his authority was fully executed and determined, until he should receive further process from the Justice. This he had not at the date of his receipt: therefore we consider him as not having had any authority to collect or receive the money at the date of his receipt, and the defendant in making payment was (as all debtors are) bound to see that the person to whom he made the payment had a sufficient authority to receive it: otherwise the Law considers it as no payment, and obliges him to abide the consequences of his own error, against which every person in the exercise of a prudential care, such as he is by law required to exercise, may be protected by requiring the person to whom the payment is about to be made to produce a sufficient authority to receive it before he parts with his money. In this case it was the duty of the defendant to have seen that *Johnson*, if he claimed the right to receive the payment in his official character, had an execution in full life, which alone could authorize him to collect it, or enable him in that character to discharge his liability to the plaintiff: otherwise he should have been required to produce some competent authority from the plaintiff. Therefore we are clearly of the opinion that the Circuit Court erred in admitting the receipt of constable *Johnson* as evidence of a payment to the plaintiff. Having considered and thus disposed of the third and fourth assignment of errors, it becomes necessary that we should consider also the first and second, to ascertain whether the Circuit Court, under the circumstances of the case, acquired any jurisdiction to try and determine the same upon its merits. This will depend upon the construction to be given to the act of the Legislature of Arkansas, approved November the 3rd,

LITTLE ROCK, Jan'y 1837.

GOINGS
*vs.*
MILLS.

1831, found in *Steele's Digest*, page 374, sec. 57, which provides that in all cases within the jurisdiction of a Justice of the Peace, any person who may think himself or herself aggrieved by the judgment of the Justice or verdict of the jury, shall have liberty to appeal therefrom, within thirty days after the rendition of said judgment, to the next Circuit Court of the county where such judgment was rendered; and the party appealing shall give special bail for the faithful prosecution of his appeal, and that he will pay the costs and condemnation of the Court to which said appeal is taken. By the provisions of this act the right of appeal is given subject to the condition and limitation thereby prescribed. The condition is that the party appealing shall give special bail for the faithful prosecution of his appeal, and that he will pay the costs and condemnation of the Court to which the appeal is taken. The limitation is that an appeal shall be prayed and the special bail given within thirty days after the rendition of the judgment, and if a party fail to pray an appeal and give special bail within the time limited for the exercise of his right, the right ceases upon the expiration of thirty days from the rendition of the judgment, and the party loses all the advantages which he could have derived from the exercise of his right of appeal within the time prescribed, and he will be presumed to have acquiesced in the verdict of the jury or judgment of the Justice. Hence it results that an appeal granted after the lapse of thirty days from the rendition of the Justice's judgment would be unauthorized and void, and could not warrant the Circuit Court in assuming jurisdiction to try and determine the cause on its own merits. The only act which the Circuit Court would be authorized to do would be to dismiss or strike the cause from the docket and remand the papers to the Justice, whose duty it would be to proceed upon the original judgment in like manner as if no appeal had ever been prayed. In this case the record shows that the cause was brought before the Circuit Court on a peremptory mandamus issued to the Justice requiring him to send the proceedings and papers in the cause to the Circuit Court and to grant an appeal to the defendant upon his entering into bond before the Clerk in the sum of one hundred dollars. The order for this writ was made on the 26th October, 1835, and the writ issued on the 22nd day of January, 1836. It appears from the record that the defendant filed his bond in the Clerk's office for fifty instead of one hundred dollars, as required by the order of Court, and that the Justice of the

Peace never did grant the defendant an appeal or make any showing upon his docket or proceedings that an appeal was prayed by the defendant at any time, nor is there any thing in the record showing that an appeal was ever prayed before the Justice of the Peace either before or after the expiration of thirty days from the rendition of the judgment, nor does there appear to have been any petition or affidavit presented to the Circuit Court upon the application for the mandamus. There is no allusion to or mention made of them in the record; but it appears by the record that the mandamus was awarded upon the mere motion of the defendant in error, without any showing whatsoever. It is believed to be well settled that the writ of mandamus is not to be considered as a writ of right, but it is understood to be within the discretion of the Court to grant it; and it is held to be a general rule that the party applying for this writ must show a specific legal right, and the absence of any other specific legal remedy to induce the Court to award it. It follows, therefore, that without such showing the Court would not be warranted in awarding the writ. The fact upon which the Court exercises its discretion in granting or refusing this writ ought to appear in the record, and altho' it is said that a writ of error will not lie to the decision of a court awarding a mandamus, because there is no judgment given thereupon, yet where the writ is used, as it has been in this case, for the purpose of compelling the party to whom it was directed to do certain acts by which the Court might acquire jurisdiction of the cause and without the doing of which it could have no jurisdiction, it would seem to us to have been indispensably necessary to have shown upon the record those facts upon which the jurisdiction of the Court over the subject matter of the suit would attach. The prayer of an appeal from the Justice's judgment within thirty days after it was given and the offer of special bail as required by law, and a refusal to grant the appeal by the Justice, if shown upon the application for the mandamus, might have been sufficient to authorize the Court in the exercise of a sound legal discretion to award the writ, and if such facts appeared upon the return to the writ, might furnish a sufficient ground for the Circuit Court to take cognizance of and adjudicate the cause upon its merits. But these facts do not appear upon the record; nor do any other facts appear by which the Circuit Court was warranted in its assumption of jurisdiction to try and determine this cause upon its merits. We are therefore of opinion that the mandamus was irregularly and im-

c

LITTLE
ROCK,
Jan'y 1837.
GOINGS
*vs.*
MILLS.

providently issued, and that the Circuit Court erred in taking cogni-zance of and proceeding to try the cause on its merits. No appeal appears to have been prayed or security given as required by law, which must have been done before the Court could legally have taken cognizance of the cause. The judgment of the Circuit Court must consequently be reversed, annulled, and set aside, with costs, and the cause be remanded to the Circuit Court of Pulaski county, with directions to the Circuit Court to dismiss and strike the cause from the docket for the want of jurisdiction to try the same; and to remit the original papers in the cause to JOHN HUTT, the Justice of the Peace from whence they first came, and that the plaintiff have the benefit of her judgment recovered before the said Justice. It is therefore considered by the Court that the judgment of the Circuit Court ren-dered in this cause be reversed, annulled, and set aside, and that the plaintiff in error have and recover of the defendant in error the costs in and about this suit expended. And it is also considered by the Court that the cause returned as aforesaid be remanded to the Circuit Court of Pulaski county, with directions to said Court to dismiss and strike said cause from the docket for the want of jurisdiction to try the same, and to remit the original papers in said cause to JOHN HUTT, the Justice of the Peace from whence they first came, and that the said *Lucy Goings* have the benefit of her judgment before the said Justice.