Oedham, J. .delivered the opinion of the court. By the constitution of this State, the Supreme Court possesses a general superintending control over all inferior and other courts of law and equity; and for the purpose of exercising that control, the power is conferred to issue the necessary and appropriate writs, and among others the writ of mandamus is enumerated. Under the powers thus conferred we have no doubt but that, upon the presentation of a proper case, this Court may issue a writ of mandamus to a circuit court as well as to other inferior tribunals, and obedience to the mandate may be enforced by attachment. This writ is a prerogative writ introduced to prevent disorder from a failure of justice and defect of police, and therefore ought to be used on all occasions where the law has established no specific remedy, and where in justice and good government there ought to be one. 5 Com. Dig. 21: and it lies to an inferior jurisdiction or officer to compel the performance of a duty which ought to be done, and that although a penalty is affixed by law for the nonperformance of the duty. These .are long established and well recognized principles of the common law, in view of which, as we apprehend, not a moment’s hesitation is necessary to determine that if a judge of the circuit court should obstinately refuse to perform any of the duties required of him by law, this court, upon proper and apt showing by the party aggrieved, would, in the exercise of its constitutional control over inferior tribunals, issue a writ of mandamus to compel the performance of the duty. Where a plain and positive duty is required by law, we may compel the inferior tribunal or officer to act in the premises, but we cannot control the judgment and discretion. To entitle a party to the benefit of a writ of mandamus, he must show, as has been repeatedly adjudged by this court, that he has a specific legal right, and no other adequate legal remedy. Goings v. Mills, 1 Ark. Rep. 11. Taylor v. The Governor, 1 Ark. Rep. 21 The petition of Trapnall shows that he is interested in divers suits pending in the circuit court of Pulaski county and that the refusal of the Judge to hold the court would be greatly prejudicial to the interests both of himself and clients; which is not controverted in the response of the defendant. V/e think it clear that if a judge captiously refuse to hold a court at a time prescribed by law, and that great injury would result therefrom, there being no other adequate specific remedy afforded the party aggrieved than the one here adopted, the writ should issue if a proper application be made by the aggrieved party at a proper time. 3 Black. Com. 110. The defendant in his response contends that the act passed Nov. 23d, 1844, postponing the term of the court and requiring it to be held on the second Monday of January, 1845, was repealed by the subsequent act of January 9th 1845. This presents an intricate question for the consideration and determination of this court. It is a well settled rule in the construction of statutes, that all acts passed upon the same subject must be taken and construed together and made to stand, if practicable to be reconciled. But to accomplish this object, it is equally well settled that courts cannot disregard the plain and obvious import of language, when words of clear and definite signification are employed. Effect must, if possible, be given to the object and intention of the legislature, but to ascertain that object and intention, we must first have recourse to the language employed in the act, and if that be clear and unambiguous, we can proceed no further in the inquiry. We will proceed to apply these tests to the two acts now under consideration. The act of 23d Nov. provides, “ that the approaching term of the circuit court of Pulaski now (then) required to be held on the last Monday of November 1844 is hereby postponed until the second Monday of January, 1845, and shall be held on the said second Monday of January, 1845, instead of said last Monday of November 1844.” The third section of the act provides for the transfer of all process and sales to the January term. This act operated, so far as a suspension of the acts in force at the time of its passage requiring the court to be held on the last Monday of November. The provisions of this act must be regarded as having the same operative effect, as though the original law prescribing the times of holding the courts had declared that the court should be held on the second Monday of January, and all process had originally been made returnable to that time. At the time of the passage of the act of January the 9th, the before mentioned act composed a part of the laws then in force requiring the courts of the 5th judicial circuit to be held at times different from those specified in the last mentioned act. The act of 9th January 1845 provides that the courts thereafter to be held should be held on other and different days than provided for by th,e laws then in force, and expressly repeals all laws in conflict therewith. Is there such a conflict between these two acts as precludes that construction which may give operative effect to both? The first act requires the court to be held on the second Monday, the 13th day of January 1845, and the last act requires that the courts after the date of its passage, 9th January 1845, shall be held on the third Mondays of April, &c. This last act took effect from and after its passage; and to declare that the first act was still in force, and that the court should be held on the second Monday of January, would virtually suspend the time of the taking effect of the last act until after the 13th day of January, a thing which we must presume the legislature did not intend, or they would have declared that intention. Had it not been the intention of the legislature to repeal the act of 24th Nov., it would have been easy to have inserted a proviso making-the necessary reservation, orto have postponed the time when the last act should take effect. This was not done, although the act was passed but four days prior to the time fixed for the holding of the court. Had the legislature postponed the November term until the first Monday of April, and thereafter passed an act declaring that the courts to be held after date of its passage should be held on the first Monday of March, would any person contend that those two acts should be so construed, that one term should be held on the first Monday of March, and that the term which should have preceded it should be held on the first Monday of April? We apprehend not. The palpable inconsistency strikes us at the first blush. The two acts of the legislature now under consideration are in truth equally inconsistent, though not so apparent. We do not conceive it to be correct, as insisted on the part of the petitioner, that the act of 24th Nov. operated as an adjournment of the court until January, but view it, as before stated, as operating as a suspension of the laws then in iorce upon the subject, prescribing another and different time for holding the court and transferring the business to that time. It is true that courts lean toward that construction which will give effect to two acts apparently in conflict, and more especially if both be passed at the same session of the legislature, but they will not suspend the operation of one act to a future period to give effect to another. There is a clear distinction between the two acts now under consideration and those adjudicated in the cases cited at the bar; and particularly that of McFarland vs. The Bank of the State of Arkansas. In that case one act was general in its character upon the subject of interest, and general terms were used; the other was special in its character, authorizing a particular corporation to charge and receive a certain rate of interest, different from that prescribed by the general law upon the subject subsequently passed. We fully recognize the principle laid down by the court in that .ease, but it is not applicable to the one before the court. The two .acts in the present case relate specially to the same subject matter, using the same special terms; that is, they specify the times of holding the circuit courts of Pulaski county: and the only difference between them is, that one ceases to operate after the holding of one term of the court, the operation of the other is indefinite. We are, therefore, of opinion that the last act comes in conflict with the first and repeals it. Rule discharged.