Oldham, J. It is a general rule that a mandamus does not lie unless the party applying has no other specific legal remedy. 3 Black. Com. 265, note 7; and so it has frequently been held by this court. Goings v. Mills, 1 Ark. Rep. 11. Taylor v. The Governor, 1 Ark. Rep. 21. Trapnall, ex parte, 1 Eng. 9. Cheatham, ex parte, ib. 437. It will not be granted where error will lie. Ex parte, Nelson, 1 Cow. 417. Ex parte, Bostwick, ib. 143. Bank of Columbia v. Sweeney, 1 Pet. 567. Nor will it lie where the party has a remedy by appeal. Cheatham, ex parte, 1 Eng. 437. State v. Mitchell, Const. Rep. 703. It will not be granted to compel an inferior court to render a particular judgment. Trapnall, ex parte, 1 Eng. 9. Life Ins. Co. v. Adams, 9 Pet. 573. If the Circuit Court erroneously overruled the motion of the petitioner for re-restitution, his remedy was by appeal or writ of error to this court. An appeal or writ of error lies to this court from every final judgment and decision of the Circuit Court. Rev. Stat. ch. 43, sec. 1; ch. 116, sec. 141. The decision overruling the motion was a final decision, from which the party was entitled to an appeal or writ of error. Such was the case of Fleeman and Leggett v. Horen and Simpson, decided at the present term. The dictum contained in the opinion delivered in Hartgraves v. Duval, 1 Eng. 506, was without due examination, as to the extent of the statute, and under the impression that a writ of error would only lie to a final judgment; but it will also lie to a final decision of the court, such as the refusal of the court to award re-restitution, as in the transcript accompanying the petition in this case. The application for a peremptory mandamus must be denied.