George SWIDERSKI *v.* W. L. GOGGINS et al

74-298                                    515 S.W. 2d 644

Opinion delivered November 12, 1974

*Matthews, Purtle, Osterloh & Weber,* for appellant.

*James W. Daniel* and *J. D. Patterson,* for appellees and cross-appellant.

FRANK HOLT, Justice. This appeal results from a dispute about the number of absentee ballots which the Searcy County Election Commissioners must furnish the Searcy County Clerk for the general election on November 5, 1974, as well as the county clerk's standing to obtain a writ of mandamus requiring the election commissioners to so act. The case was advanced and a per curiam order issued on October 30, 1974. This written opinion is pursuant to our per curiam.

The record shows that 450 absentee ballots were furnished the appellant by the appellees for the 1970 general election. There were 300 to 400 absentee votes cast. Approximately 145 of these were counted. For the 1972 general election, the appellees furnished appellant 100- absentee ballots. All of these were either mailed to voters or voted in the clerk's office. The appellant testified that 50 additional people applied for absentee ballots and that 79 voters were listed by him as requesting ballots. They did not formally apply when they learned absentee ballots were no longer available. Of the 100 ballots furnished, 72 were actually counted.

For the 1974 general election, 108 absentee ballots were furnished the appellant by the appellees. Appellant then petitioned the circuit court to issue a writ of mandamus ordering appellees to furnish him a total of 450 absentee ballots. After a hearing, the circuit court issued a writ requiring the appellees to provide 42 additional absentee ballots or a total of 150. Since no evidence was adduced showing that the 28 absentee votes not counted in 1972 were cast by citizens other than qualified electors, the circuit court ruled that 100 electors voted. Therefore, 150 absentee ballots should be furnished appellant pursuant to Ark. Stat. Ann. § 3-610 (Supp. 1973) for the 1974 general election.

Appellant asserts that Ark. Stat. Ann. § 3-902 (Supp. 1973) requires absentee ballots be furnished by appellees to the county clerk to enable the mailing of ballots by him to "all qualified applicants." Appellant claims 450 are needed. The pertinent part of § 3-902 reads:

> The county election commissioners shall prepare official absentee ballots and deliver same to the county clerk for mailing to all qualified applicants as soon as practicable before the last day on which such ballot will be counted but in any event not less than twenty-five (25) days before any election . . . .

Appellees assert that § 3-610 requires the county election commissioners to determine the number of electors voting at the last preceding comparable election and to supp-

ly the appellant the number of ballots by the method provided in that statute, which reads:

> The County Election Commissioners of each county in this State not using voting machines shall, in due time for each general or special election, provide for each election precinct, and for each ward of a city or incorporated town in their County, one hundred and fifty (150) printed ballots for each one hundred (100), *or fraction of one hundred, electors voting thereat* at the last preceding comparable election; and no ballot shall be received or counted in any election to which this Act [§§ 3-101 — 3-1306] applies, unless it is provided by the County Election Commissioners as herein provided. (Emphasis added.)

It appears the applicability of this statute was not questioned by the parties. This statute is obviously designed to provide a formula to insure sufficient absentee ballots for absentee voters to enable county election commissioners and the county clerk to fulfill their statutory duty as directed by § 3-902.

The appellant and the appellees disagree as to which was the last preceding comparable election. It is appellant's contention that the last preceding comparable election was the 1970 general election at which time 300 to 400 absentee ballots were cast. Therefore, if we accept the minimum of 300 absentee ballots as being cast, the appellant should be furnished the requested 450 absentee ballots pursuant to the statutory formula. (150 x 3)

The appellees assert that the statutory formula (§ 3-610) should apply to the 1972 general election, as being the last preceding comparable election, where 100 ballots were furnished and used. Since only 72 of these 100 absentee ballots cast were counted, the statutory formula would require them to furnish only 108, which they did.(72 x 1½ = 108) This obviously is not accurate because the statute requires that 150 ballots be furnished for each 100 or a fraction of 100 electors voting. However, the undisputed evidence is that after the 100 absentee ballots were used by the absentee voters, 50 applied for the right to vote absentee and 79 were listed as requesting the right to vote absentee. Therefore, 129 could not cast

absentee ballots since none were available. In other words, it appears a total of 229 voters would have cast absentee ballots. After a careful review of the statute, we are of the view that it was the legislature's intent, in establishing the voting formula, to make it reasonably certain that every absentee voter would be assured of the right to exercise his voting franchise. When we apply the statutory formula (150 for every 100 or fraction thereof) to the number of 229 individuals who either voted or attempted to vote absentee, the appellant is entitled to the requested 450 absentee ballots.

Appellees are concerned that the absentee ballots will not be properly voted. Statutory remedies exist, however, to correct improper procedures or illegal voting.

Appellees cross-appeal asserting that appellant has failed to show a clear legal right to a writ of mandamus. In *Swiderski* v. *Goggins, et al*, 257 Ark. 164, 514 S.W. 2d 705 (1974), we held that the same appellant here did not there show a "clear legal right to a writ of mandamus." There appellant sought the writ to compel the commissioners, the appellees here, to transfer to him for his determination the sufficiency of certain petitions placing an independent candidate on the ballot. There we said that by statute the county board of election commissioners clearly had the right and duty to determine the sufficiency of the petitions. However, in the case at bar the pertinent statute, Ark. Stat. Ann. § 3-901 (Supp. 1973), provides:

> The County Clerk shall be custodian of the absentee ballots. The County Clerk shall be furnished a suitable room at the County Court House and shall exercise all the powers and duties concerning the *application* for, the issuance of, and the voting of absentee ballots required by law of the County Clerk. (Emphasis ours.)

Further, § 3-902 reflects that the county clerk is unable to fully perform his statutory duty until the county election commissioners prepare and furnish him the requested absentee ballots. Appellant, therefore, has the legal right and standing to seek and secure a writ of mandamus.

Affirmed as modified on direct appeal and affirmed on cross-appeal.