Gilbert ROTTINGHAUS, Marie ROTTINGHAUS, Anna B. HOLEMAN and Clarence PETERO *v.* Billy HOLDER, County Clerk and Vurnece JONES, Assessor

76-297                                      550 S.W. 2d 462

Opinion delivered May 16, 1977
(Division II)

*Schorr & Bachman, P.A.,* by: *Kenneth L. Schorr,* for appellants.

*Ponder & Lingo,* for appellees.

DARRELL HICKMAN, Justice. This appeal from Lawrence County Circuit Court involves similar facts and issues to those in a case we have decided this date.[1]

The appellants filed an affidavit with the county clerk of Lawrence County claiming that three Lawrence County banks had not assessed their property. The affidavit set forth the assets of the three banks and a claim was made for ten percent of the total amount of the assets of all three banks. Thereafter, the appellants made demand on the assessor and county clerk to meet with them in accordance with Ark. Stat. Ann. § 84-444 (Repl. 1960) to determine the value of the bank property that was reported in the affidavit and to fix a fee according to the statute which would be paid to the appellants.

Apparently the county clerk and assessor would not meet with the appellants and a lawsuit was filed in circuit court of Lawrence County for a writ of mandamus to compel Billy Holder, the county clerk, and Vurnece Jones, the assessor, to meet and act according to the Arkansas statute. The appellee county officials responded that the affidavit did not sufficiently describe the property to warrant a meeting, the meeting would be futile and mandamus was not the proper remedy. The case was submitted to the circuit court on stipulation. It was stipulated that the property of the banks that the appellants claimed was not assessed was a list of "resources" taken from the annual statements of the banks, which are published annually in a newspaper. The list of

---

[1]*Bunting et al v. Tedford et al,* 261 Ark. 638, 550 S.W. 2d 459 (1977).

assets includes cash, loans, stocks, bonds, and other assets of various categories. The court made a finding that Ark. Stat. Ann. § 84-443 (Repl. 1960) requires a complete and accurate description of the property, and the annual printed statement of banks is not sufficient to comply with the law; that a meeting between the parties would be futile; that mandamus could not be used to require an act of discretion or judgment. The court dismissed the complaint.

The purpose of Ark. Stat. Ann. § 84-444 is to permit an individual taxpayer to report personal property that has not been assessed and collect an award. The statute presumes that there will be no disagreement between the taxpayer and the county officials that the reported property has not been assessed, because there is no provision in the statute to resolve such a disagreement. The meeting between the taxpayer, the county clerk and assessor is to determine a value of the property and to fix a fee for the taxpayer.

In this case the county officials argue that the banks in question have been properly assessed and taxed, but there is no evidence in the record regarding assessment and taxation of the banks' property. Furthermore, there is nothing in the record to show the "resources" listed on the affidavit have or have not been assessed to the bank in question. Obviously, not all of the items listed as "resources" or "assets" in the affidavit are subject to taxation. Therefore, it comes down to whether or not it is up to the taxpayer or the county officials to determine, on their own, the validity of the claim.

If there is a dispute as to whether or not property should be assessed and taxed, the statute does not provide a means or method to resolve that dispute. Furthermore, there is no mention in the statute of the owner of the property. Ordinarily an owner of property has some recourse when his property is assessed or taxed and would have a right to challenge any assessment. The statute apparently presumes that there will be no objection by the owner. There is a serious question regarding the constitutionality of the statute as it applies to the owner of property because there is no provision for notice to the owner. Although the appellees raised the constitutional issue, it was not ruled on by the trial court, nor were the

owners of the property parties to this lawsuit. Therefore, we will not rule on the constitutionality of this statute.[2]

We agree with the trial court that the bare financial statement of a bank, which obviously includes property not subject to taxation, is an insufficient description of property upon which a demand can be made for a meeting pursuant to the statute. Therefore, the trial court was correct in holding that a meeting would have been futile.

We believe that the statute in question was primarily drafted as a means of providing for a reward to the individual taxpayer who reports property that has, for any reason, been left off the tax books. The statute necessarily assumes there will be no disagreement between the parties as to the legality of the assessment. In this case we have a disagreement before the meeting is even held. In such an instance mandamus is not an appropriate remedy. See our decision in *Bunting* v. *Tedford, supra.*

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.

---

[2]The statute was amended by Act 202, 1977 General Assembly.