Ailene BUNTING, Ruth WILLIS, L. B.
FOSTER, Harriet De LANO, A. B.
MOREHEAD and Andrew BEARDEN *v.* L. E.
TEDFORD and Charles JACKSON

76-179                                    550 S.W. 2d 439

Opinion delivered May 16, 1977
(In Banc)

*Kenneth L. Schorr,* for appellants.

*Lee A. Munson,* Pros. Atty., 6th Judicial Circuit, by: *John Wesley Hall, Jr.,* Dep. Pros. Atty., for appellees.

Donis B. Hamilton, Special Justice. This case involves an appeal from a decision of the Pulaski Circuit Court refusing to grant a writ of mandamus against appellees. The writ, if granted, would have required appellees to meet as a board pursuant to Ark. Stats. Ann. Section 84-444 (1960 Repl.) to fix a value on property reported by appellants as being non-assessed personal property. Appellants claimed a 10% statutory bounty for discovering the property.

The material facts are not in dispute. Appellants filed a sworn statement with the county clerk in which they alleged that sixteen banks and savings and loan institutions in Pulaski County had failed to assess $1,872,726,208 of personal property. Appellants used as a basis for their allegations of unassessed property newspaper and other published "statements of condition" of the institutions from which they deducted only the figures listed therein for real estate and tangible personal property. Included in the assets on the statements of condition were items for U.S. government and U.S. government agency obligations as well as obligations of state and political subdivisions.

After the report was filed, the attorney for appellants wrote a letter to appellees containing the following language:

We will appear for the meeting required by Section 444 at 2:00 o'clock in the afternoon on Tuesday, April 6, in the office of the Pulaski County Assessor at the Pulaski County Courthouse *to complete the formality of agreeing upon*

*the above figures.* (emphasis added)

The figures mentioned in the letter were the same figures (including the items listed for federal, state and local government obligations) as contained in the report of unlisted property filed by appellants.

The parties met on April 6, 1976, in accordance with the letter. The appellants submitted a "special list of omitted property" containing the figures previously submitted by them, which they demanded appellees sign. On advice of counsel appellees refused to sign the form or to set a value on the property without additional proof and documentation, which was never tendered.

Appellants then petitioned Pulaski Circuit Court for a writ of mandamus to compel appellees to "meet in good faith" with appellants for the purpose of establishing the values on the property alleged by appellants to be unassessed. The Circuit Court denied the petition, holding that a meeting had, in fact, been held between the parties, that there was a substantial question as to whether all the property alleged by appellants to be unassessed was subject to tax and further that mandamus was improper to compel officials to act in the discretionary area involved in the case. From that decision comes this appeal.

Mandamus is not a writ of right, but is directed to the sound discretion of the trial court and the parties applying for it must show a specific legal right and the absence of any other specific legal remedy. *Goings* v. *Mills,* 1 Ark. 11 (1837); *Fitch* v. *McDiarmid,* 26 Ark. 482 (1871); *State* v. *Board of Directors of School District of Ashdown,* 122 Ark. 337, 183 S.W. 747 (1916); *Arkansas State Highway Employees Local 1315* v. *Smith,* 257 Ark. 174, 515 S.W. 2d 208 (1974). The right asserted must be a clear, legal right. Mandamus may not be used to determine in advance what the rights or actions shall be. *Arkansas State Highway Commission* v. *Otis and Company,* 182 Ark. 242, 31 S.W. 2d 427 (1930). This court will reverse the trial court's refusal to grant the writ only upon a finding that the trial court abused its discretion in doing so.

In *Arkansas State Highway Employees Local 1315* v. *Smith, supra,* we said:

> . . . Before we can reverse the trial court in its refusal to grant a petition for mandamus, we must find that the duties, the performance of which are sought to be mandated, are clear and legal duties specifically and peremptorily enjoined by law, and that the trial court abused its discretion in denying the petition for the writ.

The pertinent sections of the statute (Ark. Stat. Ann. 84-444 [1960 Repl.]) under which appellants requested the meeting provide as follows:

> . . . In any case where the assessor for any cause shall have failed to list any taxable property on the assessment rolls as by law required, and such property shall be discovered and reported under oath to the county clerk by someone other than the assessor or his deputy, a member of the equalization board, county clerk or other county official, if it be after the assessment rolls have been delivered to the county clerk, and before the collector closes his books, the party making such discovery and report, on filing claim therefor, shall be allowed an amount equal to 10% of the total tax and penalty to be extended against the property so reported; . . . provided further, the party reporting such property, together with the county assessor and the county clerk, shall constitute a board for the purpose only of fixing a value on such property reported as herein provided and for such a fee is claimed. . .

On the basis of the record before us, we cannot say that the trial court's refusal to grant the writ was an abuse of discretion.

The petition for mandamus on its face shows (and appellants in oral argument stated) that obligations of the United States government were included in the assets claimed to be omitted from assessment. Such obligations are not subject to local taxation. *McCulloch* v. *Maryland,* 4 Wheat. 316, 4 L. Ed. 979 (1819); *Weston* v. *Charleston,* 2 Pet. 449, 7 L.

Ed. 481 (1929); *Plummer v. Coler,* 178 U.S. 115, 20 S. Ct. 829, 44 L. Ed. 998 (1900); *Colorado National Bank* v. *Bedford,* 310 U.S. 41, 60 S. Ct. 800, 84 L. Ed. 1067 (1940); *Macallen Company* v. *Massachusetts,* 279 U.S. 620, 49 S. Ct. 432, 73 L. Ed. 874 (1929).

Appellants asked the trial court that appellees be ordered to meet "in good faith" for the purpose of fixing the value on the property alleged to be unassessed. The trial court found that a meeting had, in fact, taken place and this is admitted by appellants. The trial court refused to find that appellees acted in bad faith in not accepting appellants' figures. The proof indicates that appellants insisted on appellees' agreeing to their figures which appellees rightfully refused to do since they included items on which no tax could be lawfully assessed. Since the parties had met but could not agree on a value, the trial court could do no more in the absence of a prior determination by declaratory judgment or otherwise what action was to be taken. *Arkansas State Highway Commission* v. *Otis and Company, supra.*

Appellants have cited the cases of *Kirkwood* y. *Carter,* 252 Ark. 1124, 482 S.W. 2d 608 (1972); and *Swiderski* v. *Goggins,* 257 Ark. 228, 515 S.W. 2d 644 (1974), for the proposition that mandamus would be the appropriate remedy under the circumstances above outlined. These cases are distinguishable from the one at bar. In *Kirkwood,* the taxpayers' petition was brought against the county judge and election commissioners to compel them to purchase or lease-purchase voting machines to be used in Faulkner County as required by Act 465 of 1969. Apparently, the board of election commissioners had failed to purchase the machine under the belief that insufficient funds existed for that purpose. The court there found that the funds did, in fact, exist and that the commissioners should purchase the machines under the formula set forth in the act. In *Swiderski,* the county clerk brought mandamus action against the board of election commissioners to furnish him with absentee ballots pursuant to statute. The court ordered the board to obtain and supply to the county clerk a sufficient number of ballots for absentee voters in accordance with the formula in Ark. Stat. Ann. Section 3-610 (1976 Repl.). In both of the above cases,

the right to specified action on the part of the defendants was clear; the only question to be resolved was that of amount, for which a formula was provided in the statute. Here, there is a question as to whether all of the property reported by appellants is taxable and the value thereof. Section 81-444 of the statute provides no guideline or formula by which agreement on such matters could be independently measured. The setting of value calls for independent judgment and discretion which could not be determined in advance by the Circuit Court on a petition for mandamus.

We have considered, but appellants do not rely upon, the case of *Lewis* v. *Conlee, Mayor, et al*, 258 Ark. 715, 529 S.W. 2d 132 (1975). In that case, the city council called a referendum election in response to a citizens' petition with respect to an ordinance, but the council set the date for the election 21 months in the future. This court reversed the trial court's refusal to grant mandamus holding that the unwarranted postponement of the election for 21 months was an abuse of discretion, and in effect, a denial of the citizens' right to have any meaningful election. The facts in *Lewis* distinguish it from the case at bar. Here, there was no undue delay in arranging for the meeting between appellants and appellees, and it was conceded that the meeting had been held without issue as to the time of the meeting. Appellants contend that mandamus lies to compel the assessor and the clerk to accept their contentions as to the values of the property alleged to be omitted from the assessment records. Under the record here, where portions of the claimed assessments were not subject to taxation as a matter of law, appellees did not abuse their discretion in refusing to accept appellants' claim.

There have been many issues raised by both parties dealing with the constitutionality of the tax statutes which we find to be unnecessary to reach in view of our decision here.[1]

The lower court judgment is affirmed, and appellants shall bear the costs in this court.

[1]We note that Amendment 57 and Acts 106, 202 and 203 of 1977 enacted pursuant to it, apparently have rendered moot most future constitutional arguments made here except those relating to the due process clauses of the State and Federal Constitutions.

Special Justice WILLIAM R. WILSON joins in this opinion.

FOGLEMAN and ROY, JJ., not participating.