Loren D. BUTTOLPH TRUST, Richard D. Buttolph,
Trustee *v.* Larry JARNAGAN

89-285                                                789 S.W.2d 466

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*Thurman Ragar, Jr.,* for appellant.

*Kincaid, Horne, Trumbo & Hogue,* by: *Hugh R. Kincaid,* for appellee.

DALE PRICE, Justice. The appellant trust owns property situated outside the city limits of Winslow, Arkansas. The appellee is the mayor of Winslow. The question we must answer in this case is whether the trial court was correct in denying the appellant's petition seeking a writ of mandamus and damages against the appellee.

The trust obtained the property at a foreclosure sale. Even though the property was located outside the Winslow city limits, the city had extended its water mains to the property and had provided water service to the former owners. However, when the appellant requested water service, the city replied that service would not be resumed until the prior owners' delinquent water bill was paid.

The trust refused to make the payments and brought this action seeking a writ of mandamus and damages. The petition alleged that requiring payment of a previous owner's delinquent bill as a prerequisite to obtaining water service violated various

state constitutional provisions. The trust moved to have the case heard within seven days, as provided by Ark. Code Ann. § 16-115-104 (1987).

The appellee answered and filed a motion to dismiss. The trial court granted the motion, dismissing both the mandamus and the claim for damages. We affirm the result reached by the trial court.

■ The court held that it was within the appellee's discretion to refuse to supply water to a non-resident customer. Recognizing that mandamus does not lie to control a discretionary act, the court dismissed the mandamus petition. The dismissal of the petition was correct but for a different reason. Mandamus may not be used to establish a legal right. *Springdale Bd. of Education* v. *Bowman*, 294 Ark. 66, 740 S.W.2d 909 (1987); *Bunting* v. *Tedford*, 261 Ark. 638, 550 S.W.2d 439 (1977). In its petition, the appellant sought to establish its right to receive water service unencumbered by the previous tenants' unpaid bill. It is argued that, because the city operates the waterworks in a governmental capacity, Ark. Code Ann. § 14-234-110(a) (1987), it cannot arbitrarily refuse to supply water service once its mains have been extended. We need not address this argument because mandamus simply is not the proper remedy in this case; therefore, the petition was properly dismissed. The appellant should have sought relief under Ark. Code Ann. § 16-111-103 (1987) by filing a petition for declaratory relief.

The trial court was also correct in dismissing the appellant's damages claim. Once again, we employ a different line of reasoning than the trial judge but reach the same result.

■ The trial judge dismissed the damages claim on the ground that it had been improperly joined with the mandamus action. *See Rastle* v. *Marion County Rural Sch. Dist. No. 1*, 260 Ark. 740, 543 S.W.2d 923 (1976). This line of reasoning is incorrect. The trial court should have severed the damages claim from the mandamus action. ARCP Rule 18(b). The appellant could then have proceeded on the damage portion of his petition. However, we find the trial court's dismissal was ultimately correct. The appellant sought damages against the appellee for actions taken in the appellee's capacity as mayor/waterworks

manager. The appellee is immune from liability under Ark. Code Ann. § 21-9-301 (1987).

We affirm since the correct result was reached. *See Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

Affirmed.