Marvin L. HICKS *v.* Carroll L. GRAVETT, In His Official Capacity as Sheriff of Pulaski County, Arkansas

92-1152                                         849 S.W.2d 946

Supreme Court of Arkansas
Opinion delivered March 29, 1993
[Rehearing denied May 3, 1993.]

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Sam Hilburn*, for appellant.

*Larry D. Vaught*, Pulaski County Att'y, for appellee.

JACK HOLT, JR., Chief Justice. Marvin Hicks, a federal prisoner, appeals a circuit court decision denying his petition for writ of mandamus against Pulaski County Sheriff Carroll Gravett. Hicks wanted the trial court to order Sheriff Gravett to withdraw a detainer that was lodged against Hicks by the sheriff because of a state conviction in Arkansas. We affirm.

The petitioner, Marvin Hicks, is presently serving a twenty-four month sentence at the Federal Correctional Institution in Seagoville, Texas. Subsequent to his federal sentencing, Hicks was sentenced in Pulaski County Circuit Court to the Department of Correction. As a result, Sheriff Gravett lodged a detainer against Hicks at Seagoville Federal Correctional Institution. Once the Federal Bureau of Prisons learned of this detainer, it refused Hicks' request to be transferred to a minimum security federal prison explaining that if the detainer was removed, Hicks would be considered for minimum security placement.

Hicks subsequently filed a petition for writ of mandamus with the Pulaski County Circuit Court asking the court to issue a writ of mandamus "compelling the Defendant to withdraw the Detainer filed against the Plaintiff immediately." Hicks based his petition on an allegation that Sheriff Gravitt lacked the authority to issue the detainer and that this was an improper use of a

detainer.

After a hearing on this matter, the Pulaski County Circuit Court determined in pertinent part that:

> 2. That the Defendant placed a detainer on Plaintiff with the Federal Bureau of Prisons to hold Plaintiff to serve his state sentence when he completed his federal sentence.
>
> 3. That the detainer was not issued under, nor is it governed by, the Interstate Agreement on Detainers (Ark. Code Ann. § 16-95-101, et seq.).
>
> 4. The detainer is a valid request to hold the prisoner and to notify Defendant when release is imminent, and Defendant has the inherent authority to place the detainer.
>
> IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Petition for Writ of Mandamus be denied and dismissed.

It is from this decision that Hicks brings this appeal.

■■ The standard of review upon denial of a writ of mandamus is whether the trial court abused its discretion. *State v. Sheriff of Lafayette County*, 292 Ark. 523, 731 S.W.2d 207 (1987). In deciding when a writ of mandamus should issue, we said in *Eason v. Erwin*, 300 Ark. 384, 781 S.W.2d 1 (1989):

> A mandamus is not a writ of right but is within the discretion of the court, and the party applying for it must show a specific legal right and the absence of any other adequate remedy. It will not lie to control or review matters of judicial discretion, but only to compel the exercise of such discretion.

(Citations omitted.) *See Thompson v. Irwin*, 310 Ark. 533, 838 S.W.2d 353 (1992). Furthermore, a mandamus action enforces the performance of a legal right after it has been established; a mandamus' purpose is not to establish a right. *Springdale Bd. of Education v. Bowman*, 294 Ark. 66, 740 S.W.2d 909 (1987); *Buttolph Trust v. Jarnagan*, 302 Ark. 393, 789 S.W.2d 466 (1990).

Hicks has failed in his proof to show a "specific legal right" to have the detainer withdrawn. As such, the decision of the

circuit court to deny the writ of mandamus is affirmed.

■ Defined generally, a detainer is the "restraint of a man's personal liberty against his will." *Blacks Law Dictionary*, 5th Ed. The Interstate Agreements on Detainers Act, Ark. Code Ann. § 16-95-101 et seq., deals specifically with ensuring that prisoners with *pending charges* in other states are protected from speedy trial violations. Under the Act, a detainer is "an informal notice to prison authorities that charges are pending elsewhere against an inmate and requesting the custodian to notify the sender before releasing the prisoner." 21 *Am. Jur. 2d* § 404 (1981). This court has determined that for purposes of the Interstate Agreement on Detainers, a detainer is a "notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face criminal charges in another jurisdiction." *Finley* v. *State*, 295 Ark. 357, 748 S.W.2d 643 (1988) (citing *United States* v. *Mauro*, 436 U.S. 340 (1978)).

■ According to Hicks' argument, because the detainer against him was issued due to a previous conviction and not due to pending charges or indictment, it was issued in violation of the Interstate Agreement on Detainers and issued by the sheriff absent any authority to take such an action. Yet, the fact that the detainer was not issued pursuant to pending charges merely indicates, as the circuit court found, that the detainer is not subject to the Interstate Agreement. Besides, the Interstate Agreement on Detainers was not drafted to protect prisoners in situations like Hicks'. Instead, it was designed to give a "prisoner incarcerated in one State the right to demand the speedy disposition of any untried information or complaint." *Carchman* v. *Nash*, 473 U.S. 716 (1985).

■ Hicks also bases his argument on a contention that Sheriff Gravett did not have the authority to issue a detainer, yet he cites no convincing authority to support his argument. Instead, he merely points out that there is not a statute that specifically grants the sheriff the authority to issue detainers. Assuming this is correct, a party applying for a mandamus must show a "specific legal right," *Eason, supra*, for the writ, and Hicks has not done so.

In affirming the trial court, we note that it also found that the sheriff has the inherent authority to place the detainer. We do not pass judgment on this issue as it is not necessary under the facts of

this case.

Affirmed.

CORBIN, J., not participating.