David HARPER *v.* STATE of Arkansas

CR 93-588                                   865 S.W.2d 647

Supreme Court of Arkansas
Opinion delivered November 22, 1993

*Peter DeStefano*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, David Harper, appeals the denial of his Motion to Remove Detainer. He contends that the State surrendered custody over him to the federal government in 1985 and thereby waived the right to reclaim him for purposes of serving his state sentence. He further contends that the circuit court erred in its conclusion that it had no jurisdiction to grant his motion. Neither issue constitutes grounds for reversing the circuit court's order, and we affirm.

On May 13, 1985, Harper was convicted in state court following a jury trial in Harrison on charges of possession of marijuana, second offense, and felon in possession of a firearm and sentenced to six years imprisonment on each charge, to run consecutively. He was also fined $5,000 on each charge.

On May 15, 1985, Harper was released to a U.S. Marshall in order to be taken to Ft. Smith and arraigned on federal charges of conspiracy to distribute marijuana, possession with intent to

distribute marijuana, and interstate travel in aid of a racketeering enterprise. Boone County specifically required his return following the arraignment. He was arraigned on May 16, 1985, and returned to Harrison to the Boone County jail on May 17, 1985. On that date, he posted an appeal bond in connection with his appeal of the state convictions and was released from jail.[1] On April 9, 1986, his state convictions and sentence were affirmed. *Harper* v. *State*, 17 Ark. App. 237, 707 S.W.2d 332 (1986).

After Harper made bond, he pled guilty to part or all of the federal charges in October 1985 and began serving a 10-year sentence in federal prison on February 7, 1986. From the time he made bond on May 17, 1985, in Boone County, the State apparently lost track of him until 1989 when the State notified the federal authorities to return Harper to Arkansas at the completion of his sentence in order for him to commence serving his state sentence. It is that notice which Harper sought to negate by his Motion to Remove Detainer filed on March 2, 1993.

The circuit court heard Harper's motion on March 19, 1993, with Harper, who had been returned to the Boone County jail, appearing *pro se*. Following the hearing, the court denied his motion on the basis that it was moot because Harper was already back in state custody. The court also concluded that it had no jurisdiction to grant the relief requested or to correct the sentence due to the fact that 120 days had passed from the date of the appellate court mandate.

Harper first urges that the State abandoned jurisdiction over him to the federal authorities after he had begun serving his state sentence and thereby waived the right to reclaim him to serve the balance of his state sentence. We disagree. Harper was merely released to the U.S. Marshall "for an appearance in federal court," and the circuit court so found. There was no relinquishment of custody as is evidenced by the fact that Boone County required Harper to be returned immediately following the federal arraignment. Harper then made an appeal bond after

---

[1] The circuit court stated in its order denying the motion that the appeal bond was posted in Sebastian County, but this statement was in error as it conflicted with both Harper's allegations in his Motion to Remove Detainer and the prosecutor's recitation of Harper's procedural history.

his return to the Boone County jail. Subsequent to that, he had no further contact with the state authorities until he was located in 1989 in federal prison. Under these circumstances, there was no surrender of Harper to federal jurisdiction or abandonment of the prisoner by the State. Nor was there a circuit court order that the state sentence should be served concurrently with the federal sentence. *See* Ark. Code Ann. § 16-90-109(b) (1987). Harper's argument fails for lack of a factual foundation.

For his second point, Harper maintains that the circuit court had jurisdiction to grant the relief requested; yet, the court refused to do so, in part, on grounds that it lacked jurisdiction. The point has no merit. First, the State only notified the federal authorities that Harper should be returned to Arkansas custody after completion of his federal sentence. That notice is not a detainer as defined by state law. Ark. Code Ann. § 16-95-101 et seq. (1987); *Hicks* v. *Gravett*, 312 Ark. 407, 849 S.W.2d 946 (1993). A detainer is placed on a prisoner in another jurisdiction for purposes of having that prisoner return to the claiming jurisdiction to stand trial on pending charges. *Id.* The definition does not include a notice that the prisoner has a sentence to serve in a foreign jurisdiction.

Moreover, the circuit court correctly concluded that it had lost jurisdiction to correct a sentence imposed in an illegal manner because the passage of 120 days had occurred from the date of the appellate court mandate. Ark. Code Ann. § 16-90-111 (Supp. 1993); *Kelly* v. *Washington*, 311 Ark. 73, 843 S.W.2d 797 (1992). But even had the court considered Harper's motion to be in substance a petition for writ of habeas corpus, there was no factual basis to grant the writ as already discussed.

The circuit court correctly denied the motion.

Affirmed.