The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116-5232
Dear Representative Vess:
You have requested an Attorney General opinion on the following questions:
 1) Are the Arkansas State Police required to investigate possible criminal activity reported to them when they are provided physical evidence of such activity by a public official?
 2) If the Governor's office is aware of physical evidence that a public official has possibly committed a crime, is there any obligation on the Governor to request that an investigative body do their job and ask questions of witnesses to determine if a crime has occurred?
 3) Given the understanding that the Prosecuting Attorney will determine whether to charge someone with a crime or not, unless the crime is investigated by a grand jury, would the State Police have the discretion not to follow up and investigate a possible crime reported to them by a citizen, if the alleged offense was committed by a public official. Or other circumstances?
 4a) If the State Police were provided evidence taken under oath, which stated that a state employee had provided state purchased materials to a drug rehab center, whether operated by a convicted felon or not, and then refused to even ask the person who stated under oath that the material, purchased by state funds was given to them and did not ask the person who took in the information under oath questions concerning this potential crime, would the person who reported and furnished the documentation be acting within their right to ask for a Writ of Mandamus to order the investigative agency to conduct an investigation?
 4b) If the Governor's office were furnished the same information and did not furnish physical evidence that they had asked a state investigative agency about their reluctance to investigate a state official, would the Governor's office be subject to the filing of a Writ of Mandamus by citizens attempting to provide evidence of a possible crime?
 5) Would it be possible for some jurisdictions to determine that a state employee who provided state purchased drug testing kits to a drug rehabilitation center when that center does charge its residents for staying at the center with theft of property that belongs to the state, and what in your opinion would be the proper charge? Also, if the dollar value of the state property provided were high enough, would this be considered a felony?
 6) Arkansas state statute 16-93-103, provides in part that probation and parole officers may act as any other law enforcement officer to execute, serve, and return all lawful warrants of arrest issued by the State of Arkansas or any political subdivision thereof and are authorized as any other law enforcement officer to make arrests. What, if any penalty could be imposed on any employing agency that punished an employee who acted within this statute?
 7) Arkansas state statute 16-93-103 also provides, in part, that probation and parole officers are authorized to carry firearms while pursuing the obligations of their duties.
 a) If an employing agency determines to make discretionary policy that prevents the majority of such officers from carrying firearms while on duty, what recourse would an employee have if they were injured or killed as a direct result of this policy?
 b) What obligation would the department making such a policy have to the injured or deceased officer or any other employee or citizen?
 c) If such policy were structured in such a manner that some probation and parole officers were not effected [sic] by the policy, would this constitute an inconsistency within the department? For example, if the policy were to determine that it would effect [sic] only offices with three or more employees, and the department does have offices which by its own discretion have two or fewer officers would be policy be inconsistent and discriminatory?
 d) Would such a policy present a safety risk sufficient enough for a special session of the legislature to be called to consider enactment of hazardous duty pay for those at risk officers?
 e) In order for referendum toward placing on the ballot a voter determined issue of changing the terminology in Arkansas statute 16-93-103 from "authorized" to" required," how many signatures of registered voters would need to be obtained, by when and when would such a measure appear on a ballot if this was accomplished?
 f) In order for a referendum toward paying hazardous duty pay to probation and parole officers to be placed on a ballot, how many registered voters' signatures would be required and when would such a measure appear on a ballot?
 g) Is there a state agency that can advise citizens on the proper format to place issues in referendum form? Which agency?
 8) If an agency of state government is not complying with freedom of information requests, would a citizen be able to file a writ of mandamus against that agency in federal court? If not, which court would hear such a matter? Or, what action would need to be taken in federal court?
RESPONSE
Question 1 — Are the Arkansas State Police required to investigatepossible criminal activity reported to them when they are providedphysical evidence of such activity by a public official?
No. State law does not impose a broad, absolute duty on the part of the State Police to investigate all criminal activity that is reported. Moreover, the fact that physical evidence of the alleged criminal activity can be provided does not give rise to such a duty on the part of the State Police.
Implicit in the statutory statement of the powers and duties of the State Police, see A.C.A. § 12-8-106, is a grant of discretion to determine the appropriate exercise of those powers and duties. Such discretion can also be inferred from the fact that the Director of the State Police is specifically authorized to "promote such rules and regulations as are necessary for the efficient operation of the Department of Arkansas State Police and for the enforcement of such duties as are herein prescribed." A.C.A. § 12-8-104(d).
I therefore conclude that the State Police have the discretion to decide which investigations to pursue.
Question 2 — If the Governor's office is aware of physical evidence thata public official has possibly committed a crime, is there any obligationon the Governor to request that an investigative body do their job andask questions of witnesses to determine if a crime has occurred?
I am aware of no law that imposes upon the Governor a requirement such as you have described.
Although the Governor certainly has the power to request an investigation by an investigative body that is under his jurisdiction, see Ark. Const., art. 6, § 7, and although he clearly has a constitutional duty to see that the laws of the state are executed, Id., he must, of necessity, exercise discretion in determining matters of fact and practicality, such as questions of when an investigation is warranted. I note that our system of government has a built-in check and balance on the exercise of such discretion by the Governor, in that other officials also have authority to initiate investigations and to take further action, even if the Governor errs in his decision on the matter.
Question 3 — Given the understanding that the Prosecuting Attorney willdetermine whether to charge someone with a crime or not, unless the crimeis investigated by a grand jury, would the State Police have thediscretion not to follow up and investigate a possible crime reported tothem by a citizen, if the alleged offense was committed by a publicofficial. Or other circumstances?
Yes. See response to Question 1, regarding the State Police's discretionary powers.
Question 4(a) — If the State Police were provided evidence taken underoath, which stated that a state employee had provided state purchasedmaterials to a drug rehab center, whether operated by a convicted felonor not, and then refused to even ask the person who stated under oaththat the material, purchased by state funds was given to them and did notask the person who took in the information under oath questionsconcerning this potential crime, would the person who reported andfurnished the documentation be acting within their right to ask for aWrit of Mandamus to order the investigative agency to conduct aninvestigation?
Writs of mandamus are not available to direct public officials with regard to matters of discretion, but rather will only lie to enforce the performance of a legal right that has already been established. Its purpose is not to establish a right. Hicks v. Gravett, 312 Ark. 407,849 S.W.2d 946 (1993). Because the State Police's decision as to whether to investigate an alleged crime is a matter of discretion, it is my opinion that it cannot be compelled by a writ of mandamus to conduct an investigation.
Question 4(b) — If the Governor's office were furnished the sameinformation and did not furnish physical evidence that they had asked astate investigative agency about their reluctance to investigate a stateofficial, would the Governor's office be subject to the filing of a Writof Mandamus by citizens attempting to provide evidence of a possiblecrime?
For the reasons stated in response to Question 4(a), it is my opinion that because the Governor's decision as to whether to direct the State Police to conduct an investigation is a discretionary matter, the Governor cannot be compelled by a writ of mandamus to direct the State Police in this manner.
Question 5 — Would it be possible for some jurisdictions to determinethat a state employee who provided state purchased drug testing kits to adrug rehabilitation center when that center does charge its residents forstaying at the center with theft of property that belongs to the state,and what in your opinion would be the proper charge? Also, if the dollarvalue of the state property provided were high enough, would this beconsidered a felony?
A definitive response to this question would require a determination of all of the facts surrounding the scenario you describe. I am not authorized to make determinations of fact. Only a court can determine conclusively whether a criminal charge should be made in this scenario. Likewise, only a court can decide conclusively whether a defendant has been charged with the right crime. For these reasons, I must decline to respond to this question.
Question 6 — Arkansas state statute 16-93-103, provides in part thatprobation and parole officers may act as any other law enforcement officerto execute, serve, and return all lawful warrants of arrest issued by theState of Arkansas or any political subdivision thereof and are authorizedas any other law enforcement officer to make arrests. What, if anypenalty could be imposed on any employing agency that punished an employeewho acted within this statute?
A definitive response to this question would, again, require a determination of all of the relevant facts of the case. For the reasons stated in response to Question 5, I cannot make that determination.
Question 7(a)-(c) — Arkansas state statute 16-93-103 also provides, inpart, that probation and parole officers are authorized to carry firearmswhile pursuing the obligations of their duties.
a) If an employing agency determines to make discretionary policy thatprevents the majority of such officers from carrying firearms while onduty, what recourse would an employee have if they were injured or killedas a direct result of this policy?
b) What obligation would the department making such a policy have to theinjured or deceased officer or any other employee or citizen?
c) If such policy were structured in such a manner that some probationand parole officers were not effected [sic] by the policy, would thisconstitute an inconsistency within the department? For example, if thepolicy were to determine that it would effect [sic] only offices withthree or more employees, and the department does have offices which byits own discretion have two or fewer officers would be policy beinconsistent and discriminatory?
A definitive response to parts (a) through (c) of this question would require a determination of all of the facts relevant to the described scenarios. As previously indicated, I cannot make determinations of fact, nor have all of the relevant facts been provided. For these reasons, I must decline to respond to Questions 7(a) through (c).
Question 7(d) — Would such a policy present a safety risk sufficientenough for a special session of the legislature to be called to considerenactment of hazardous duty pay for those at risk officers?
The decision to call a special session of the legislature is entirely within the discretion of the Governor. Ark. Const., art. 6, § 19. This is a constitutional power of the Governor, upon which the Attorney General does not have the authority to infringe.
Question 7(e)-(f) —
e) In order for referendum toward placing on the ballot a voterdetermined issue of changing the terminology in Arkansas statute16-93-103 from "authorized" to "required," how many signatures ofregistered voters would need to be obtained, by when and when would sucha measure appear on a ballot if this was accomplished?
f) In order for a referendum toward paying hazardous duty pay toprobation and parole officers to be placed on a ballot, how manyregistered voters' signatures would be required and when would such ameasure appear on a ballot?
A measure to amend an existing act of the General Assembly must be placed on the ballot by way of an initiative petition, rather than by referendum petition, as you have suggested. Amendment 7 to the Arkansas Constitution provides that initiative petitions require six percent of the legal voters, and they must be filed with the Secretary of State not less than four months before the election at which they are to be voted upon. The measure must be published at least once in a newspaper of general publication at least thirty days before the petition is filed with the Secretary of State.
I cannot answer the question of when a hypothetical measure would be placed on the ballot. The answer to that question will be determined by the date on which the initiative petition is filed with the Secretary of State, as required by law. See Ark. Const., am. 7.
Question 7(g) — Is there a state agency that can advise citizens on theproper format to place issues in referendum form? Which agency?
I am not aware of any state agency that is qualified or authorized to advise citizens concerning the proper format for referenda. A considerable amount of information is readily available to citizens in Amendment 7 and in A.C.A. § 7-9-101 et seq. The Secretary of State's office may also be able to provide needed information.
Question 8 — If an agency of state government is not complying withfreedom of information requests, would a citizen be able to file a writof mandamus against that agency in federal court? If not, which courtwould hear such a matter? Or, what action would need to be taken infederal court?
A.C.A. § 25-19-107 provides that any person who is denied the rights granted by the Freedom of Information Act has the right to petition the circuit court for relief. This is a state court remedy. I am aware of no basis for federal jurisdiction over such an issue.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh