Patrick ROBERTSON *v.* Larry NORRIS, Director Arkansas Department of Correction; and C. Sumner, Arkansas Department of Correction Records Coordinator Centralized Records

03-1205                                                                                    203 S.W.3d 82

Supreme Court of Arkansas
Opinion delivered February 10, 2005

Appellant, *pro se.*

*Mike Beebe,* Att'y Gen., by: *Joseph V. Svoboda,* Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. Appellant Patrick Robertson, a state prisoner, appeals a decision of the Jefferson County Circuit Court denying his petition for writ of mandamus against officials of the Arkansas Department of Correction (ADC), the appellees in this case. Robertson contends that the ADC has improperly classified him for parole-eligibility purposes as a third offender. In a petition for a writ of mandamus, he asked the circuit court to order the ADC officials to reclassify him as a second offender. The circuit court denied Robertson's petition for mandamus, and we affirm.

Parole eligibility for Arkansas prisoners is determined by statute. Ark. Code Ann. § 16-93-607 (1987). Under section 607(c), third offenders are not eligible for parole until they have served a minimum of three-fourths of their sentence, while second offenders are eligible for parole when they have served one-half of their sentence. *Id.* A mandamus is not a writ of right, but is within the discretion of the court, and the party applying for it must show a specific legal right and the absence of any other adequate remedy. *Eason v. Erwin,* 300 Ark. 384, 781 S.W.2d 1 (1989). Therefore, the question in this case is whether Robertson has established that he has a legal right to be classified as a second offender rather than a third offender.

Arkansas Code Annotated § 16-93-606 sets forth how to determine an inmate's classification for purposes of parole eligibility. Section 16-93-606(b) defines second and third offenders as follows:

> (2) Second offenders shall be inmates convicted of two (2) or more felonies and who have been once incarcerated in some correctional institution in the United States, whether local, state, or federal, for a crime which was a felony under the laws of the jurisdiction in which the offender was incarcerated, prior to being sentenced to a correctional institution in this state for the offense or offenses for which they are being classified.

> (3) Third offenders shall be inmates convicted of three (3) or more felonies and who have been twice incarcerated in some correctional institution in the United States, whether local, state, or

federal, for a crime which was a felony under the laws of the jurisdiction in which the offender was incarcerated, prior to being sentenced to a correctional institution in this state for the offense or offenses for which they are being classified.

Arkansas Code Annotated §§ 16-93-606 and 607 define "felonies" to be "those crimes classified as Class Y, Class A, or Class B by the laws of this state." Ark. Code Ann. §§ 16-93-606 and 607 (1987).

The parties do not dispute that appellant has been "twice incarcerated" within the meaning of Ark. Code Ann. § 16-93-606(b)(3); nor do they dispute that he has been convicted of two felonies that have a determinative effect on his parole-eligibility classification under Ark. Code Ann. § 16-93-606(b)(3).[1] At issue is a 1989 conviction for possession of a controlled substance, specifically crack cocaine, in violation of Ark. Code Ann. § 5-64-401 (1987). The parties agree that Robertson pleaded guilty to the charge and was put on probation. His probation was revoked in 1990 for violation of the conditions of his probation, and he was sentenced to six years for that conviction. The information under which Robertson was charged, the ADC Admission Summary, and the order revoking probation on this conviction designate this felony as unclassified. Appellant argues that since this conviction is an unclassified felony, it is not a felony for purposes of Ark. Code Ann. § 16-93-606. To be a felony for purposes of this statute, the crime must be "classified as Class Y, Class A, or Class B." Ark. Code Ann. § 16-93-606(a)(1). Appellant argues that since his crime did not fit within any of these classifications, the 1989 conviction does not count for purposes of parole-eligibility classification. Consequently, he concludes that he has been convicted of only two or more "felonies" and is a second offender under Ark. Code Ann. § 16-93-606(b).

Appellees argue that Robertson was convicted under Ark. Code Ann. § 5-64-401(a)(1)(i) for possession of crack cocaine, and, therefore, the 1989 conviction is a Class Y felony for purposes of the parole-eligibility statutes. Arkansas Code Annotated § 5-64-

---

[1] Robertson is currently serving a sixty-year sentence following a 1994 conviction for delivery of a controlled substance, specifically crack cocaine, in violation of Ark. Code Ann. § 5-64-401(a)(1). Ark. Code Ann. § 5-64-401(a)(1) defines this as a Class Y felony. This conviction is also designated in the Judgment and Commitment Order and in the ADC Admission Summary as a Class Y felony. The other undisputed felony is a conviction for burglary in 1990, a Class B felony.

401(a)(1)(i) classifies the violation as follows: "[f]or all purposes other than disposition, this offense is a Class Y felony." Appellees appear to be arguing that while appellant's felony classification under Ark. Code Ann. § 5-64-401(a)(1)(i) may have been unclassified for purposes of disposition, it is clearly a Class Y felony "[f]or all purposes other than disposition." Ark. Code Ann. § 5-64-401(a)(1)(i). Disposition is the imposition of a sentence. Appellees argument implies that parole — and an inmate's eligibility therefor — is a purpose other than disposition.

Whatever the merits of the parties' arguments, we cannot reach them. The record before us is insufficient. The record does not contain the original judgment and commitment order sentencing appellant for the 1989 conviction at issue. Both the information initially charging appellant with this crime and the order revoking probation state only that appellant was charged and pleaded guilty to possession, an unclassified felony, under Ark. Code Ann. § 5-64-401. *Possession* of crack in 1989 was not an unclassified felony. It was a Class C felony. *See* Ark. Code Ann. § 5-64-401(c) (1987). *Possession with intent to deliver or manufacture* crack under Ark. Code Ann. § 5-64-401(a) might have been considered unclassified for purposes of disposition, but would constitute a Class Y felony for all other purposes, including parole eligibility. We have found nothing in the record which specifies whether appellant was convicted under subsection (a) or subsection (c) of that statute. The felony classification, and hence the precise subsection under which appellant was convicted, is a critical component in determining his status under Ark. Code Ann. § 16-93-606 (1987).

The purpose of a mandamus action is to enforce the performance of a legal right after it has been established; its purpose is not to establish a right. *Springdale Bd. of Education v. Bowman,* 294 Ark. 66, 740 S.W.2d 909 (1987); *Buttolph Trust v. Jarnagan,* 302 Ark. 393, 789 S.W.2d 466 (1990). Furthermore, it is the appellant's burden to produce a record establishing that he indeed has a legal right. *Rothbaum v. Arkansas Local Police & Fire Ret. Sys.,* 346 Ark. 171, 55 S.W.3d 760 (2001); *Eason, supra.* He has not done that here. Accordingly, we affirm the circuit court's denial of the petition.