SLIP OPINION

Cite as 2017 Ark. 237

# SUPREME COURT OF ARKANSAS.

No. CV–16–1064

| | |
|---|---|
| ANTHONY A. WARREN<br><br>APPELLANT<br><br>V.<br><br>JOHN FELTS, CHAIRMAN,<br>ARKANSAS PAROLE BOARD<br><br>APPELLEE | **Opinion Delivered** August 3, 2017<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-16-470]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

In 2007, appellant Anthony A. Warren was convicted by a jury of a terroristic act, a class Y felony, and first-degree battery, a class B felony, for which he received a sentence of 240 months' and 120 months' imprisonment, respectively, to run consecutively for an aggregate sentence of 360 months' imprisonment. His convictions and sentences were affirmed on appeal. *Warren v. State*, 103 Ark. App. 124, 286 S.W.3d 768 (2008).

On August 5, 2016, Warren filed a petition for writ of mandamus in the Jefferson County Circuit Court, contending that his rights had been violated by the denial of his parole "for not one but two [one] year denials [ ] done against the legal governing statute A.C.A. § 16-93-1302 and against Petitioner's protected constitutional rights of Due Process, Double Jeopardy, Ex Post Facto Clause, and other Protections set out by the law and the United States Constitution." On November 1, 2016, the circuit court denied Warren's petition, finding that Warren failed to establish that he had a right to be paroled, that the Due Process Clause does not create a protected liberty interest for an inmate to have a

SLIP OPINION

specific release and parole-eligibility date, that the denial of his parole was not a new punishment in violation of double jeopardy, and that Warren's ex post facto claim is made on the same basis as his double-jeopardy claim—denial of parole is additional punishment—and does not apply. Warren now appeals the denial of his petition for writ of mandamus, and this court affirms.

An applicant for an extraordinary writ such as a mandamus carries the burden to demonstrate that the relief he seeks is merited. *Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757, *cert. denied*, 137 S. Ct. 257 (2016). The purpose of the writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Id.* A writ of mandamus is issued only to compel an official or a judge to take some action, and when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Arkansas Democrat-Gazette v. Zimmerman*, 341 Ark. 771, 20 S.W.3d 301 (2000). A writ of mandamus does not lie to control or review matters of discretion. *Id.* Parole eligibility is determined by the law in effect at the time crime is committed. *Waller*, 2016 Ark. 252, 493 S.W.3d 757. The determination of parole eligibility is solely within the province of the Arkansas Department of Correction ("ADC"). *Id.*

Warren has failed to establish a right or a performance of a duty for which the writ should issue. Although Warren contends that his parole was denied, that his various constitutional rights were violated, and that he is entitled to a hearing, Warren's record is devoid of any evidence of his underlying convictions[1] or any evidence indicating that he

---

[1]In addition to the above-referenced convictions and sentences, Warren contends that he has a drug conviction for which he is also serving time.

was subject to a parole hearing and, if so, when and the results thereof. *See Robertson v. Norris*, 360 Ark. 591, 203 S.W.3d 82 (2005) (Robertson filed a petition for writ of mandamus claiming the ADC did not properly classify him for parole-eligibility purposes; however, whatever the merits of his arguments, the court could not reach them because the record was insufficient, as it was lacking the original judgment and commitment order sentencing Robertson.). The burden is on the party asserting error to bring up a sufficient record on which to grant relief. *See Middleton v. Lockhart*, 364 Ark. 32, 216 S.W.3d 98 (2005) (appealing party has the burden to provide a sufficient record and abstract); *see also Dodge v. Lee*, 352 Ark. 235, 100 S.W.3d 707 (2003) (The burden is on the appellant to bring up a record sufficient to demonstrate that the trial court erred, and where the appellant fails to meet this burden, this court has no choice but to affirm the trial court.). Because Warren has failed to establish a right or performance of a duty, he has provided no basis for a writ of mandamus to issue. *Waller*, 2016 Ark. 252, 493 S.W.3d 757. We hold that the circuit court did not err in denying Warren's petition.

Affirmed.

*Anthony A. Warren*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

SLIP OPINION