SLIP OPINION

Cite as 2016 Ark. 252

# SUPREME COURT OF ARKANSAS

No. CV-15-345

| | |
|---|---|
| ROMARIO V. WALLER<br>APPELLANT | **Opinion Delivered:** June 9, 2016 |
| V. | APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[CV-2006-43-5] |
| WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED IN PART; REVERSED<br>IN PART. |

**ROBIN F. WYNNE, Associate Justice**

Romario V. Waller appeals from the denial of his petition for declaratory judgment and writ of mandamus by the Jefferson County Circuit Court. He argues that the circuit court erred in determining that he failed to demonstrate that his parole eligibility was required to be calculated based on his presumptive sentence rather than the sentence imposed. He also challenges the circuit court's determination that his petition failed to state a claim upon which relief could be granted, rendering it a "strike" under Arkansas Code Annotated section 16-68-607 (Repl. 2005). We affirm in part and reverse in part.

In 1996, Waller entered a plea of guilty to charges of first-degree murder, arson, and first-degree battery. He was sentenced to forty years' imprisonment. He had a criminal history score of two, which, under the existing sentencing guidelines, gave him a presumptive sentence of thirty-six years. The Arkansas Department of Correction calculated his earliest possible date for transfer to the Arkansas Department of Community Corrections

on parole as being August 21, 2023, which would require him to serve twenty-eight years of his forty-year sentence. In October 2014, Waller filed a petition for declaratory judgment and writ of mandamus against Ray Hobbs, as Director of the Arkansas Department of Correction,[1] in which he contended that the Department incorrectly calculated his parole-eligibility date because it was statutorily required to calculate the date based on his presumptive sentence, not the sentence imposed.

Waller requested that he be allowed to proceed in forma pauperis, submitting an affidavit stating that he has no income and no assets, including no funds in his inmate welfare account. In accordance with Arkansas Code Annotated section 16-68-601 (Repl. 2005), Waller submitted a calculation of initial partial filing fee, signed by an official of the Department, showing that there had been $0 deposited into his inmate trust account during the preceding six months. The circuit court signed an order setting initial partial filing fee, which was part of the same form, in which the court stated that it found Waller not to be indigent but set an initial filing fee of $0. There is no indication in the record that Waller was required to pay a filing fee.

The Director responded to the petition and argued that Waller had not demonstrated entitlement to declaratory judgment or, by extension, a writ of mandamus. Waller subsequently moved for summary judgment. The circuit court entered an order denying Waller's petition for declaratory judgment and writ of mandamus in which it dismissed the

---

[1] After the action was filed, Hobbs left the position of Director. Wendy Kelley, the current Director, is automatically substituted as a party pursuant to Arkansas Rule of Civil Procedure 25(d) (2015).

SLIP OPINION

petition with prejudice. In the order, the circuit court found that Waller had previously unsuccessfully raised the argument made in his petition in another case and was barred from relitigating the issue. The court further found that, to the extent Waller raised a new argument, he failed to state a claim for which relief could be granted. The circuit court denied Waller's motion for summary judgment. The circuit court further ruled that the petition counted as a "strike" pursuant to Arkansas Code Annotated section 16-68-607. This appeal followed. The statement of costs in the record reflects that Waller was not required to pay either the circuit court clerk or the court reporter any costs in connection with the preparation of the record on appeal.

The Director has argued that this court should dismiss Waller's appeal based on Arkansas Code Annotated section 16-68-607. That provision states as follows:

> In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigence statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

We decline to entertain the Director's request to dismiss the appeal. The Director never argued before the circuit court that Waller's petition or any resulting appeal should be dismissed pursuant to section 16-68-607. Nor did the Director make a request that the circuit court determine the number of "strikes" Waller has under the statute. We will not consider issues on which there was no ruling below or arguments in support of a claim that is raised for the first time on appeal. *Girley v. Hobbs*, 2014 Ark. 325, 445 S.W.3d 494 (per curiam).

Waller challenges the circuit court's denial of his petition. A petition for declaratory judgment and writ of mandamus is civil in nature. *Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989) (per curiam). We have held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination. *Arkansas Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986). The declared legislative purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Ark. Code Ann. § 16-111-102(a) (Repl. 2006).

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Arkansas Democrat-Gazette v. Zimmerman*, 341 Ark. 771, 777, 20 S.W.3d 301, 304 (2000). A writ of mandamus is issued by this court only to compel an official or judge to take some action, and, when requesting the writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id.* But a writ of mandamus will not lie to control or review matters of discretion. *Id.*

Parole eligibility is determined by the law in effect at the time the crime is committed. *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000) (per curiam). The determination of parole eligibility is solely within the province of the Department of Correction. *Clardy v. State*, 2011 Ark. 201 (per curiam); *Morris v. State*, 333 Ark. 466, 970 S.W.2d 210 (1998) (per curiam).

SLIP OPINION

Waller argued below and argues again on appeal that the Department erred in calculating his parole-eligibility date because it failed to follow Arkansas Code Annotated section 16-90-804(c) (Repl. 1997), which was in effect at the time he committed the offense of first-degree murder and provides as follows:

(1) When a sentence is imposed . . . which is outside the presumptive range and which is not accompanied by written reasons for the departure, an offender shall be considered for any discretionary release applicable under the law as if he had received the presumptive sentence, and the transfer or releasing authority may review, grant, or deny transfer or release based on any eligibility established by the presumptive sentence term.

(2) This provision shall apply only to a conviction for the most serious offense in a particular case.

Waller contends that because he was sentenced to a term in excess of the presumptive sentence and there were no written reasons for the departure that accompanied the judgment of conviction, the Department should be required to compute his parole-eligibility date based on the 36-year presumptive sentence, not the 40-year sentence he received. Waller's argument ignores the fact that the judgment of conviction reflects that he was sentenced as part of a negotiated plea of guilty. Waller received the sentence that he agreed to prior to entering a plea of guilty on multiple counts. Under these circumstances, the then-existing version of section 16-90-804(c) does not apply, and Waller has failed to demonstrate that the Department erred in computing his parole-eligibility date.

Because Waller has failed to demonstrate that the Department erred in calculating his parole-eligibility date, his claim for declaratory judgment is without merit. Without establishing a right to declaratory judgment, Waller provided no basis for a writ of

mandamus. *See Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268 (per curiam). We hold that the circuit court did not err in denying Waller's petition.

The circuit court also determined that the dismissal of Waller's petition counts as a "strike" under section 16-68-607 because the petition failed to state a claim upon which relief could be granted. Essentially, the court made the same finding as would be necessary to grant a motion to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(6). As such, we will review the circuit court's determination to impose a strike under the same standard we use in reviewing the grant of a motion to dismiss pursuant to Rule 12(b)(6). In reviewing the trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), this court treats the facts alleged in the complaint as true and views them in a light most favorable to the party who filed the complaint. *Perry v. Baptist Health*, 358 Ark. 238, 189 S.W.3d 54 (2004). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.*

In his petition, Waller alleged that the Department had incorrectly calculated his parole-eligibility date through an erroneous application of the applicable statutes. Treating the facts pled in the petition as true and viewing them in the light most favorable to him, Waller stated a cognizable claim for relief. *See Hobbs v. Baird*, 2011 Ark. 261 (affirming grant of declaratory judgment where the Department had erroneously interpreted a statute). However, as shown above, he is not entitled to the relief sought due to the fact that he was sentenced as part of a negotiated plea. Thus, while Waller is not entitled to substantive relief, his petition would have survived a motion to dismiss. The circuit court's conclusion

that the petition falls within those that would constitute a "strike" under section 16-68-607 was in error, and that portion of the circuit court's order is reversed.

Affirmed in part; reversed in part.

*Romario V. Waller*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.