Josephine Linker Hart, Justice, dissenting. I respectfully dissent. First, the majority addresses issues not preserved for appellate review. Arkansas Code Annotated section 5 — 4—617(i)(2)(B) (Supp. 2015) provides that the Arkansas Department of Correction |sn(ADC) “shall keep confidential all information that may identify or lead to the identification of ... [t]he entities and persons who compound, test, sell, or supply the drug or drugs ... medical supplies, or medical equipment for the execution process.” Arkansas Code Annotated section 5 — 4—617(i)(3) provides that the ADC “shall not disclose the information covered under this subsection in litigation without first applying to the court for a protective order regarding the information under this subsection.” Thus, according to the statute, there is not an absolute bar to the disclosure of the information by the ADC in litigation. Rather, before the information is to be disclosed in litigation, the onus is on the ADC to seek a protective order. In keeping with the statute, appellants moved for a protective order to shield them from having to disclose the information. In its order filed December 3, 2015, the circuit court denied the motion for a protective order. On appeal, appellants challenge the circuit court’s rulings that certain constitutional provisions require disclosure of the information. In their brief, appellants address constitutional claims relating to the contracts clause, freedom of speech and the press, procedural due process, and publication of public expenditures. Appellants, however, did not present as a separate point on appeal an argument challenging the circuit court’s specific ruling denying their motion for a protective order. To the extent that any of the claims raised in this interlocutory appeal were based on an implied ruling on sovereign immunity, the request for a protective order was also based on a claim of sovereign immunity and thus appealable on an interlocutory basis. Furthermore, an order denying a motion for a protective order may be appealed on an | ^interlocutory basis. Ark. R.App. P.-Civ. 2(f)(1).[1] Because they do not challenge on appeal the circuit court’s denial of the protective order, appellants have abandoned any challenge relating to the circuit court’s denial. Issues raised below but not argued on appeal are considered abandoned. See, e.g., State v. Johnson, 374 Ark. 100, 102 n. 1, 286 S.W.3d 129, 131 n. 1 (2008). Essentially, by not addressing the issue, appellants have conceded the correctness of the court’s order denying the motion for a protective order. Furthermore, even though the circuit court made findings that disclosure was constitutionally required, the circuit court’s denial of appellants’ motion for a protective order served as an alternative basis for requiring disclosure. When a circuit court bases its decision on more than one independent ground — such as here, where the circuit court ruled on appellants’ constitutional claims, as well as appellants’ motion for a protective order and required disclosure of the information — and an appellant fails to challenge all those grounds on appeal — such as here, where appellants addressed only the circuit court’s constitutional rulings — we will affirm without addressing any of the grounds. Evangelical Lutheran Good Samaritan Soc’y v. Kolesar, 2014 Ark. 279, at 6. Thus, I would affirm the circuit court’s decision to require the disclosure without addressing any of its rulings related to disclosure of the information. Moreover,.if, as the majority implies, the issue was not appeal-able, then it is a question to be resolved by this court in a future appeal. Thus, under the majority’s analysis, dismissal is premature. lasSecond, the majority holds that the circuit court erred in concluding that ap-pellees pleaded sufficient facts as to the alternative methods of execution. In reviewing the trial court’s decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), this court treats the facts alleged in the complaint as true 'and views them in a light most favorable to the party who filed the complaint. Waller v. Kelley, 2016 Ark. 252. In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. Id. The majority does not treat the facts alleged as true or liberally construe the complaint, and it considers materials outside of the pleadings. Furthermore, the appellate posture of this case is unusual in that Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure-Civil permits an appeal from an interlocutory “order denying a motion to dismiss ... based on the defense of sovereign immunity.” Rule 12(j) of the Arkansas Rules of Civil Procedure provides, “Attorneys will be notified of action taken by the court under this rule, and, if appropriate, thé court will designate a certain number of days in which a party is to be given to plead further. When a dismissal pursuant to Rule 12(b)(6) is granted because the complaint is determined to, be factually insufficient, then it is improper for such a dismissal to be granted with prejudice and without leave to plead further pursuant to Rule 12(j). Ballard Grp., Inc. v. BP Lubricants USA, Inc., 2014 Ark. 276, at 19, 436 S.W.3d 445, 456. Because the majority dismisses for failure to plead sufficient facts, I submit that the dismissal is without prejudice, and appellees may plead ■ further. Third, the majority disregards a critical distinction between the state and the federal constitution. Article 2, section 9 of this state’s constitution prohibits the infliction of 139“cruel or unusual punishments.” In contrast, the Eighth Amendment to the federal constitution prohibits the infliction of “cruel and unusual punishments.” Ap-pellees ask this court to consider the distinction between the words “and” and “or” and to reject the two-prong test that the United States Supreme Court has developed in its cases interpreting the Eighth Amendment. The majority rejects this notion, holding that “[w]e are not convinced that the slight variation in phraseology between the two constitutions denotes a substantive or conceptual difference in the two provisions that would compel us to disregard any part of the test governing a challenge to the method of execution.” However, as one treatise has noted, “The conjunctions and and or are two of the elemental words in the English language. ... [A]nd combines items while or creates alternatives. Competent users of the language rarely hesitate over their meaning.” Antonin Scalia & Bryan A. Gamer, Reading Law: The Interpretation of Legal Texts 116 (2012). The distinction is dismissed by the majority, and this case serves as an unfortunate precedent for future cases involving the interpretation of statutes, contracts, or the state constitution.