RHONDA K. WOOD, Associate Justice | Harold Eugene Rogers, appearing pro se, appeals the dismissal of his petition for declaratory judgment and writ of mandamus. Rogers’s petition alleged that Knight, as records supervisor for the Arkansas Department of Correction (ADC), miscalculated Rogers’s parole eligibility. The circuit court dismissed the petition with prejudice because Rogers was parole eligible and he had a parole hearing; therefore, no justiciable controversy existed. We affirm. In 1973, a Sebastian County jury convicted Rogers of rape and sentenced him to life imprisonment. In 1980, Rogers was convicted of a second rape, which he committed while he was in prison. For that crime, he was sentenced to ten years’ imprisonment to be served consecutively to his life sentence. In 2015, Rogers filed a petition for writ of habeas corpus alleging that because he was sixteen years old when he committed the first rape, the life sentence violated the Eighth Amendment under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The circuit court agreed and resentenced him to ninety years’ imprisonment. |gOn May 31, 2016, Rogers filed a petition for declaratory judgment and writ of mandamus pertaining to the statutes that govern his parole-eligibility dates. He alleged that under Bosnick v. Lockhart, 283 Ark. 533, 677 S.W.2d 292 (1984), his parole eligibility as to both of his sentences should be governed by the parole statute in effect at the time of his 1973 conviction because it was his “original sentence.”[1] Rogers believed the ADC was requiring him to serve one-half of his aggregate 100-year sentence before becoming eligible for parole, and he asserted that he was parole eligible. In response, the State asserted that Rogers’s requested relief should be denied because Rogers was already parole eligible and had a parole hearing on May 5, 2016. It attached an ADC document titled “Inmate Record Summary,” which showed that Rogers already had a parole hearing. It argued that because Rogers was parole eligible, there was no justiciable controversy. The circuit court agreed and dismissed Rogers’s petition with prejudice. Because the circuit court considered exhibits outside the pleadings in making its ruling, we will treat the dismissal as one on summary judgment. See Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc., 2013 Ark. 130, 426 S.W.3d 448. The purpose of a declaratory judgment “is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.” Ark. Dep’t of Human Servs. v. Civitan Ctr., Inc., 2012 Ark. 40, 386 S.W.3d 432. Declaratory relief may be granted if the petitioner establishes (1) a justiciable controversy; (2) that the controversy is between persons whose interests are | ..¡adverse; (3) that the party seeking relief has a legal interest in the controversy; and (4) that the issue involved in the controversy is ripe for judicial determination. Id. We review a circuit court’s decision that there is no justiciable controversy de novo. Brown v. State, 2017 Ark. 232, 522 S.W.3d 791. We agree that no justiciable controversy exists. Rogers claims he is parole eligible and has a right to a parole hearing. The State is not contesting his parole eligibility or his entitlement to a parole hearing, and in fact had provided him such prior to the filing of the petition. A controversy is justiciable when “a claim of right is asserted against one who has an interest ,in contesting it.” McCutchen v. City of Fort Smith, 2012 Ark. 452, at 14, 425 S.W.3d 671, 681-82 (citing MacSteel Div. of Quanex v. Ark. Okla. Gas Corp., 363 Ark. 22, 35, 210 S.W.3d 878, 886 (2005)). A case is nonjustieiable “when any judgment rendered would have no practical legal effect upon a then-existing legal controversy.” Neely v. McCastlain, 2009 Ark. 189, at 5, 306 S.W.3d 424, 427. In his petition, Rogers also asked the circuit court to issue a writ of mandamus directing Knight to apply Ark. Stat. Ann. § 43-2807 to both of his rape sentences so that he would be parole eligible. Again, the State submitted an exhibit showing he was parole eligible at the time he filed his petition, and he had a parole hearing. Rogers presented no evidence or argument to contradict this. Accordingly, the circuit court did not err in denying Rogers’s petition for declaratory judgment and writ of mandamus. Affirmed. Baker and Hart, JJ., dissent. . At the time of his 1973 sentencing, Ark. Stat. Ann. § 43-2807 (Supp. 1971) was the governing parole statute. Under Ark. Stat. Ann. § 43-2807, Rogers was parole eligible after serving one-third of his ninety-year-sentence. However, the controlling statute at the time of his 1980 sentence required him to serve one-half of the sentence before he would be eligible for parole. See Ark. Stat. Ann. § 43-2829 (Repl. 1977).