Cite as 2020 Ark. 381

# SUPREME COURT OF ARKANSAS

No. CV-20-146

| | | |
|---|---|---|
| ROMARIO WALLER | | **Opinion Delivered:** November 19, 2020 |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-19-136] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | AFFIRMED IN PART AND REMANDED IN PART. |

**SHAWN A. WOMACK, Associate Justice**

Romario Waller appeals the Lincoln County Circuit Court's denial of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in the county where he is incarcerated. Waller alleged in his petition that his convictions for arson and first-degree battery are void because he did not plead guilty to either offense and that his sentence for first-degree murder exceeded the length provided in the sentencing guidelines. Waller reasserts the same allegations on appeal. The circuit court denied his claim for habeas relief, finding that Waller's allegations should have been raised at trial or in a timely petition under Rule 37.1 of the Arkansas Rules of Criminal Procedure (1996). Waller's claims fail to demonstrate that he is illegally detained, and the circuit court's order is affirmed. However, a review of the face of the judgment of conviction in Waller's case demonstrates that the suspended imposition of sentences in connection with

his convictions for first-degree murder and battery exceeds the statutory maximum for the offenses. We therefore remand the matter to the Lincoln County Circuit Court and direct that it be transferred to the Union County Circuit Court, where the judgment of conviction was entered, to enter an amended sentencing order in accordance with this opinion.

I. *Background*

In 1996, Waller entered a plea of guilty to first-degree murder, arson, and first-degree battery in Union County. He was sentenced to forty years' imprisonment for murder, twenty years' imprisonment for arson, and twenty years' imprisonment for each of the two counts of first-degree battery. The sentences were imposed to run concurrently for an aggregate term of 480 months' imprisonment, or forty years. Waller was also sentenced to concurrent suspended sentences of sixty months, or five years, for each offense. Waller's prison sentence represented an upward departure from the presumptive sentence, and a departure report was included in the record along with the judgment of conviction. The departure report included statements from the prosecutor that described, among other things, the incidents underlying his charges for arson and battery wherein Waller had set fire to his mattress in the Union County jail and assaulted two inmates there.

In 2015, Waller filed a petition for writ of mandamus and declaratory relief on the basis that he had been sentenced to forty years' imprisonment for first-degree murder, which was in excess of the presumptive sentence of thirty-six years' imprisonment pursuant to the sentencing guidelines in effect when the crime was committed. On appeal, Waller asserted that the Arkansas Department of Correction (ADC) should base its calculation of his parole

eligibility on the presumptive sentence of thirty-six years' imprisonment. This court rejected Waller's claims and found that his argument ignored the fact that the judgment of conviction reflected that he had been sentenced as part of a negotiated guilty plea and received the sentence that he had agreed to prior to entering his plea on multiple counts. *Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757. We concluded that due to these circumstances, the then-existing version of the sentencing guidelines set forth in Arkansas Code Annotated section 16-90-804(c) did not apply in Waller's case. *Id.*

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner who files a writ seeking relief but does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an

3

extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416. In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283; *Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002).

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

As stated above, Waller makes two claims for habeas relief. First, Waller contends that his convictions and sentences for arson and two counts of first-degree battery are void because he never pled guilty to these three charges even though the judgment of conviction reflects that Waller had pled guilty to the offenses and was sentenced to twenty years' imprisonment on each count to run concurrently to his forty-year sentence for first-degree murder. Waller alleged in the petition filed in the circuit court that his convictions for arson

4

and two counts of first-degree battery were fraudulently added to the judgment after the plea hearing. While the State argues that Waller's claim is not cognizable in a habeas action because it represents a challenge to the plea proceedings, it is mistaken. A judgment rendered without notice to the parties is void. *Sides v. Kirchoff*, 316 Ark. 680, 874 S.W.2d 373 (1994) (citing Ark. Code Ann. § 16-65-108 (Repl. 1993)). This court has acknowledged that notice and the opportunity to be heard in a criminal matter are so fundamental as to void a judgment and that such issues will not be waived for purposes of postconviction relief by the failure to raise them at trial. *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727. When a sentence is void, the circuit court lacks the authority to impose it. *Jackson v. Kelley*, 2020 Ark. 255, 602 S.W.3d 743. Waller's claim that the circuit court convicted and sentenced him for offenses that were not addressed in the plea hearing is therefore cognizable in habeas proceedings. Nevertheless, he failed to demonstrate that the convictions and sentences for arson and battery are void for lack of notice.

Apart from Waller's bare allegation, he provides no substantiation for his claim other than self-serving affidavits attached to his petition. Furthermore, Waller alleged that he was made aware of the additional convictions when he signed the judgment upon arrival at the ADC on May 31, 1996, two days after the circuit court entered the judgment. Waller could have challenged the allegedly void convictions and sentences for arson and battery pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure within ninety days following entry of the judgment. *See* Ark. R. Crim. P. 37.2(b) (1996); *see also Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996). Finally, Waller's allegation that no charges were filed for the

5

additional offenses is belied by the record, which contains a copy of the information filed for the arson offense in November 1995.[1]

Waller made no effort to promptly challenge these allegedly void convictions and sentences. Instead, he waited twenty-four years to make the claim. In view of the judgment of conviction, which reflects his convictions for these additional offenses pursuant to a guilty plea, as well as Waller's twenty-four-year delay in raising this allegation and the lack of any substantiation for the claim, Waller has failed to make a sufficient showing of probable cause that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1).

Waller has also alleged that his sentence for first-degree murder is illegal because the factors supporting his enhanced sentence were not supported by sufficient proof. A guilty plea is, in itself, a conviction, and an admission of all elements of the charges constitutes a waiver of any defense other than a jurisdictional claim. *Scalco v. City of Russellville*, 318 Ark. 65, 883 S.W.2d 813 (1994). Waller's challenge to the sufficiency of the evidence supporting the enhancement factors is not a jurisdictional issue and was waived by his plea.

With respect to Waller's challenge to the sentence imposed on the ground that it exceeds the presumptive sentence as set forth in Arkansas Code Annotated section 16-90-804 (Repl. 1993), Waller pled guilty to, and was convicted of, first-degree murder, which was

---

[1]Waller alleged in his petition and in his argument on appeal that no grand jury indictments were issued for the additional offenses of arson and battery. It is well settled that states are not required to charge by indictment but may charge by information. *Barber v. Kelley*, 2017 Ark. 214 (citing *Hurtado v. California*, 110 U.S. 516 (1884)). This court has addressed this issue many times and has consistently refused to extend the right to grand jury indictment to proceedings in this state. *Id.*

classified as a Class Y felony. Ark. Code Ann. § 5-10-102(c) (Repl. 1993). A Class Y felony carries a sentence of not less than ten years, and not more than forty years or life. Therefore, the sentence of forty years' imprisonment for first-degree murder is not illegal on its face. Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1993). Moreover, this court has already concluded that because Waller's sentence was the result of a plea negotiation, the sentencing guidelines as set forth in Arkansas Code Annotated section 16-90-804 did not apply in his case. *Waller*, 2016 Ark. 252, 493 S.W.3d 757. As Waller is not currently illegally detained, we affirm the circuit court's denial of his petition for writ of habeas corpus.

V. *Suspended Imposition of Sentence*

This court may address an illegal sentence sua sponte because we treat problems of a void or illegal sentence like problems of subject-matter jurisdiction and review them even if they are not raised on appeal. *Scherrer v. State*, 2019 Ark. 264, 584 S.W.3d 243 (citing *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003)). A sentence is void or illegal when the circuit court lacks the authority to impose it. *Id.* The question here is whether the circuit court had authority to impose the suspended sentences in addition to Waller's terms of imprisonment for first-degree murder and two counts of battery.

In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Hale v. Hobbs*, 2014 Ark. 405, 443 S.W.3d 533. When the law does not authorize the particular sentence pronounced by a circuit court, that sentence is unauthorized and illegal, and the sentencing order must be corrected. *See id.*

The face of the judgment demonstrates that the circuit court concurrently imposed suspended sentences for each conviction. Under Arkansas's statutory scheme, a suspended sentence of a defendant that is convicted of a Class Y felony may be imposed as to "an additional term of imprisonment." *See* Ark. Code Ann. § 5-4-104(c)(2) and (e)(3) (Repl. 1993).[2] However, if the court suspends the imposition of sentence, it must be for a specific period of time, not to exceed the maximum jail or prison time allowable for the offense charged. Ark. Code Ann. § 5-4-306(a) (Repl. 1993); *see also Brimer v. State*, 295 Ark. 20, 746 S.W.2d 370 (1988). If the circuit court lacked statutory authority to suspend the imposition of a sentence, the judgment-and-commitment order entered in the case is illegal. *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003). If an original sentence is illegal, even though it has been partially executed, the court may correct it. *Limbocker v. State*, 2016 Ark. 415, 504 S.W.3d 592.

Here, Waller's five-year suspended sentence for first-degree murder exceeds the maximum term of imprisonment for the crime. The maximum sentence during the relevant time frame for first-degree murder was forty years "or life," and therefore, Waller's forty-year term for first-degree murder with an additional five-year suspended sentence exceeds the maximum term of imprisonment for the crime. *See* Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1993); Ark. Code Ann. § 5-10-102(c) (Repl. 1993).

---

[2]While section 5-4-104 appears to allow the circuit court to suspend the sentence of a defendant convicted of a Class Y felony with regard to an additional term of imprisonment, it does not authorize the suspended sentence to exceed the statutory maximum.

The same is true for the five-year suspended sentences imposed in addition to the twenty-year prison sentences imposed "on each" of the two counts of first-degree battery because the maximum sentence for first-degree battery, a Class B felony, is twenty years' imprisonment. *See* Ark. Code Ann. § 5-4-401(a)(3); Ark. Code Ann. § 5-13-201(c) (Supp. 1995). Because the additional suspended sentences for first-degree murder and first-degree battery exceed the maximum term of imprisonment for the crimes, the Union County Circuit Court was not authorized to impose them. While we affirm the circuit court's denial of Waller's petition for habeas relief as he is not illegally detained, we remand to the Lincoln County Circuit Court with instructions to transfer the case to the Union County Circuit Court for resentencing with respect to the additional suspended sentences imposed for first-degree murder and first-degree battery.

Affirmed in part and remanded in part.

*Romario Waller*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.