Cite as 2022 Ark. 26

# SUPREME COURT OF ARKANSAS
No. CV-21-223

| | |
|---|---|
| HENRY A. HARMON<br><br>APPELLANT<br><br>V.<br><br>KAYLA NOEL-EMSWELLER, RECORDS SUPERVISOR, ARKANSAS DEPARTMENT OF CORRECTION; DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEES | **Opinion Delivered:** February 10, 2022<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-361]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Henry Harmon, an inmate, appeals the circuit court's denial of his petition for declaratory judgment and mandamus relief. Harmon's allegations concern the Arkansas Department of Correction's (ADC's) calculation of his parole eligibility based on whether his sentences were concurrent or consecutive. Additionally, he asserts that his convictions for manslaughter and robbery, to which he pleaded guilty, violated double jeopardy. This later theory derives from Harmon's belief that the robbery charge merged into the manslaughter conviction. We affirm.

Harmon was convicted in the Pulaski County Circuit Court of first-degree murder, two counts of aggravated robbery, and aggravated assault and was sentenced to 105 years' imprisonment. *See Harmon v. State*, 2014 Ark. App. 70. He appealed, and the Arkansas Court of Appeals affirmed his conviction. *Id*. We reviewed the court of appeals' decision and reversed

and remanded because the circuit court had improperly excluded DNA evidence. *Harmon v. State*, 2014 Ark. 391, 441 S.W.3d 891. Harmon's second trial resulted in a mistrial. *Harmon v. State*, 2019 Ark. App. 492, 588 S.W.3d 432.

Harmon then entered a negotiated guilty plea to manslaughter and robbery. As a result of the plea, Harmon received consecutive sentences of sixty months' imprisonment for manslaughter, a Class C felony, and 480 months' imprisonment for robbery, a Class B felony. This resulted in an aggregate sentence of 540 months', or 45 years', imprisonment. Harmon thereafter filed a petition under Arkansas Rule of Criminal Procedure 37.1. The circuit court denied relief, and the court of appeals affirmed. *Id.*

A petition for declaratory judgment and writ of mandamus is civil. *Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757. A case is nonjusticiable when any judgment rendered would have no practical legal effect on a then existing legal controversy. *Neely v. McCastlain*, 2009 Ark. 189, 306 S.W.3d 424. The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Waller*, 2016 Ark. 252, 493 S.W.3d 757. A petitioner must show a clear and certain right to the relief and that there is no other remedy. *Id.* Additionally, parole eligibility is determined by the law in effect when the crime is committed. *Waller*, 2016 Ark. 252, 493 S.W.3d 757. And generally, the determination of parole eligibility is solely within the province of the ADC. *Id.* Still, declaratory and mandamus relief may be appropriate if the ADC has acted ultra vires, has acted beyond its legal authority, or has failed to adhere to a parole statute. We review a circuit court's decision that there is no justiciable controversy de novo. *Rogers v. Knight*, 2017 Ark. 267, 527 S.W.3d 719.

Harmon alleges that the ADC has miscalculated his parole-eligibility date by running his sentences for manslaughter and robbery concurrently rather than consecutively. Harmon also

2

claims that he has not been provided with full credit for the jail time he has served and that his sentences for manslaughter and robbery violate the prohibition against double jeopardy and the doctrine of merger.

The circuit court held that Harmon's claims about his sentences being imposed concurrently rather than consecutively and not receiving his 1,888 days of jail-time credit were moot. We agree. Harmon's Department of Correction Time Computation Card lists the sentences as consecutive with a 1,888-day credit. As there is no live controversy, the case is moot. *Turner v. Griffen*, 2019 Ark. 271. Thus, we affirm the dismissal of these issues. And to the extent Harmon sought to raise a claim that the ADC acted ultra vires in any calculation of his parole eligibility, he failed to plead facts sufficient to state a claim.

Finally, we address Harmon's double jeopardy and merger arguments. The court of appeals held, "Harmon pled guilty to both manslaughter and robbery. The sentences were ordered to be served consecutively. This does not place him in double jeopardy." *Harmon*, 2019 Ark. App. 292, at 10, 588 S.W.3d at 440. Harmon cannot circumvent the court of appeals' rejection of these claims by filing a petition for extraordinary relief. We therefore also affirm it.

Affirmed.

*Henry A. Harmon*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.