Cite as 2023 Ark. 125

# SUPREME COURT OF ARKANSAS

No. CV-22-792

| | | | |
|---|---|---|---|
| CONRAY CARROLL | | **Opinion Delivered:** September 28, 2023 | |
| | APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-22-412] | |
| V. | | | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION; MARK FELTS, DIRECTOR, ARKANSAS PAROLE BOARD | | HONORABLE JODI RAINES DENNIS, JUDGE | |
| | | AFFIRMED. | |
| | APPELLEES | | |

**JOHN DAN KEMP, Chief Justice**

Appellant Conray Carroll appeals from the denial and dismissal of his two petitions for declaratory judgment and writ of mandamus wherein he asked the circuit court to declare that he was entitled to parole and direct his release on parole from the Arkansas Division of Correction (ADC). The circuit court dismissed the petitions on the basis that the issues raised therein had been addressed and resolved by this court in *Carroll v. Hobbs*, 2014 Ark. 395, 442 S.W.3d 834 (per curiam). We affirm.

## I. *Facts*

In 1997, a judgment and commitment order was entered reflecting that Carroll had pleaded guilty to rape and was sentenced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(c) (Supp. 1995) to 720 months' imprisonment. The judgment reflects that the crime occurred on March 19, 1996. Following his conviction, Carroll filed

multiple requests for postconviction relief, including a petition for declaratory judgment and writ of mandamus in 2014 that named the director of the ADC as the respondent. This court affirmed the circuit court's denial of Carroll's petition. In so doing, we concluded that because Carroll pleaded guilty to rape committed in 1996, Arkansas Code Annotated section 16-93-611 (Supp. 1995)[1] was applicable to Carroll's parole-eligibility date. *See Carroll*, 2014 Ark. 395, at 2, 442 S.W.3d at 836. Section 16-93-611 stated in pertinent part that "notwithstanding . . . meritorious good time or any law to the contrary, any person . . . who pleads . . . guilty to rape . . . shall not be eligible for parole until the person serves seventy percent of the term of imprisonment to which the person is sentenced." *Id*. at 4, 422 S.W.3d at 837 (quoting Ark. Code Ann. § 16-93-611(a)(1)).

We also held that Arkansas Code Annotated section 16-93-1302(f) (Supp. 1995)[2] was applicable to Carroll's parole eligibility. That statute stated in pertinent part that inmates sentenced under the provisions of section 5-4-501(c) or (d) for serious violent felonies may be considered eligible for parole or community-punishment transfer upon reaching regular parole or transfer eligibility, but only after reaching a minimum age of fifty-five. *See Carroll*, 2014 Ark. 395, at 5–7, 442 S.W.3d at 838–39. We explained that section 16-93-1302 had abrogated section 5-4-501(c) in that persons convicted as habitual offenders pursuant to that section who were ineligible for parole would become parole eligible once they reached the age of fifty-five. *Id*. at 5, 442 S.W.3d at 838. However, we made clear that section 16-93-

---

[1]Arkansas Code Annotated section 16-93-611 was repealed by Act 570 of 2011 and replaced by section 16-93-618, which adopted the same language cited in the 2014 opinion.

[2]Arkansas Code Annotated section 16-93-1302 was repealed by Act 570 of 2011 and replaced by section 16-93-615.

611 was still applicable to Carroll's parole eligibility, and he would become parole eligible only after serving 70 percent of his sentence. *Id*. at 6–7, 442 S.W.3d at 838–39.

In June 2022, Carroll filed two petitions for declaratory judgment and writ of mandamus in the Jefferson County Circuit Court. He asserted that the appellees acted in contravention of certain parole statutes by denying him parole for a period of two years after hearings held in 2016 and 2018 and by denying him parole for a period of one year in 2020. Carroll maintained that by holding these hearings, the ADC had conceded he was parole eligible. Carroll further alleged that a parole hearing scheduled in 2021 was canceled because of the illegal retroactive application of a new law to determine his parole eligibility. Carroll insists that by denying him parole on the above-cited occasions, the ADC violated Arkansas Code Annotated section 16-93-615(h), which was codified as section 16-93-1302(f) at the time Carroll committed the crime of rape. Section 16-93-1302(f) stated in pertinent part that persons who commit violent felonies as defined by section 5-4-501(c) may be eligible for parole after reaching the age of fifty-five. Carroll maintained that he is entitled to parole because he is currently over the age of fifty-five and that he has served twenty-five years of his sixty-year sentence. According to Carroll, at the time of his plea hearing and entry of the judgment, it was intended that he serve only one-third of his sentence, and the application of section 16-93-611 is not reflected in the judgment. On September 28, 2022, the circuit court entered an order of dismissal finding that Carroll was not entitled to declaratory judgment or writ of mandamus. Carroll timely filed a notice of appeal.

## II. *Declaratory Judgment and Writ of Mandamus*

The purpose of a declaratory judgment is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Rogers v. Knight*, 2017 Ark. 267, at 2, 527 S.W.3d 719, 721. Declaratory relief may be granted if the petitioner establishes (1) a justiciable controversy; (2) that the controversy is between persons whose interests are adverse; (3) that the party seeking relief has a legal interest in the controversy; and (4) that the issue involved in the controversy is ripe for judicial determination. *Id.* at 2–3, 527 S.W.3d at 721. A case is nonjusticiable when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* at 3, 527 S.W.3d at 721. A legal interest in the controversy means that the party seeking declaratory relief must have a legally protectable interest. *Palade v. Bd. of Trs. of the Univ. of Ark. Sys.*, 2022 Ark. 119, at 7, 645 S.W.3d 1, 5. A declaratory judgment will not be granted unless the danger or dilemma of the plaintiff is present, not contingent on the happening of hypothetical future events; the prejudice to his position must be actual and genuine and not merely possible, speculative, contingent, or remote. *See Monsanto Co. v. Ark. State Plant Bd.*, 2021 Ark. 103, at 9, 622 S.W.3d 166, 172.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Harmon v. Noel-Emsweller*, 2022 Ark. 26, at 2. A petitioner must show a clear and certain right to relief and that there is no other remedy. *Id.* When a petitioner claims the right to parole, eligibility is determined by the law in effect when the crime was committed. *Id.* Generally, the determination of parole eligibility is solely within the province of the ADC. *Id.* Declaratory and mandamus relief may be appropriate if the

4

ADC has acted ultra vires, has acted beyond its legal authority, or has failed to adhere to a parole statute. *Id.* Without establishing a right to declaratory judgment there is no basis for a writ of mandamus. *Waller v. Kelley*, 2016 Ark. 252, at 5–6, 493 S.W.3d 757, 761.

We review the denial of a declaratory-judgment action with a clearly erroneous standard. *Haile v. Johnston*, 2016 Ark. 52, at 3, 482 S.W.3d 323, 325. The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Rogers v. Ark. Dep't of Corr.*, 2022 Ark. 19, at 3, 638 S.W.3d 265, 268. A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. *Id.*, 638 S.W.3d at 268.

III.  *Claims and Analysis*

On appeal, Carroll reasserts the arguments that were raised in his petitions filed in the circuit court. He also maintains on appeal that the ADC has violated Arkansas Code Annotated section 16-90-120 by failing to run a firearm enhancement consecutively to his sentence, and section 16-90-120 was illegally applied to a determination of his parole eligibility ex post facto.[3] Carroll is mistaken. When Carroll committed rape in 1996, section 16-90-120 (1987) provided for a sentence enhancement of an additional fifteen years to be imposed consecutively if a firearm was used in the commission of a crime. When the crime was committed, section 16-90-120 did not include any provisions pertaining to parole eligibility. Those parole provisions were added by Act 1047 of 2007. Furthermore, the judgment and commitment order entered in 1997 makes no reference to section 16-90-120

---

[3]Carroll did not raise the issue pertaining to section 16-90-120 in the two petitions for declaratory relief but raised it in his "rebuttal" to the appellees' response to his petitions.

and therefore does not include a fifteen-year firearm enhancement. However, the judgment reflects that Carroll's sentence was enhanced by section 5-4-501(c).

Carroll's allegation that he became parole eligible when he reached the age of fifty-five was settled by this court in 2014 when we specifically held that both section 16-93-611 and section 16-93-1302 applied to Carroll's parole eligibility. *Carroll*, 2014 Ark. 395, at 6–7, 442 S.W.3d at 838–39. It was further explained that Carroll's parole eligibility became subject to the 70 percent rule after he reached the age of fifty-five, but until then, he was ineligible for parole pursuant to section 5-4-501(c)(1).[4] *Id.*, 442 S.W.3d at 838–39.

We further held that parole eligibility is not within the purview of the trial court. *Id.* at 3, 442 S.W.3d at 837. Thus, no reference to the applicable parole-eligibility statutes would have been listed in Carroll's judgment and commitment order. It is well settled that the determination of parole eligibility is solely within the province of the ADC, and the trial court has no authority with respect to parole. *Harmon*, 2022 Ark. 26, at 2. A review of the record reveals that the ADC determined that Carroll's parole-eligibility date is in March 2038. Equally unavailing is Carroll's contention that his right to parole was established when the ADC held three separate parole hearings before canceling the fourth. Holding three parole hearings does not negate the applicable parole statutes or this court's holding in 2014. *See id.* at 2–3.

Carroll has not established that he currently has a legally protected interest in parole eligibility or that the appellees and the ADC have acted illegally in denying his eligibility. *Palade*, 2022 Ark. 119, at 7, 645 S.W.3d at 5; *see also Harmon*, 2022 Ark. 26, at 2 (no right

---

[4]This code section was adopted in April 1995 by Act 1009 of 1995.

to declaratory relief unless it is established that the ADC acted beyond its legal authority). Furthermore, any uncertainty regarding Carroll's parole eligibility was settled in 2014. *Id.* at 2–3. As there is no right to declaratory judgment, there is no basis for the issuance of a writ of mandamus. *Waller*, 2016 Ark. 252, at 5–6, 493 S.W.3d at 761. The circuit court did not clearly err or abuse its discretion by denying and dismissing Carroll's petitions for declaratory and mandamus relief.

Affirmed.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1]  Because there is not an express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[2]  For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[3]

*Conray Carroll*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[1] *See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting).

[2] *Id.*

[3] *Id.*