Cite as 2023 Ark. 187

# SUPREME COURT OF ARKANSAS

**No.** CV-23-376

| | | |
|---|---|---|
| CHARLES R. SIMS | | **Opinion Delivered:** December 7, 2023 |
| | APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NO. 35CV-22-741] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | <u>AFFIRMED</u>. |

**CODY HILAND, Associate Justice**

Charles Sims, an inmate, appeals the circuit court's denial of his petitions for declaratory judgment and writ of mandamus. In his petitions, Sims sought a declaration that he was eligible for parole contrary to the determination made by the Arkansas Department of Correction (ADC). The circuit court found that Sims was ineligible for parole pursuant to Arkansas Code Annotated section 16-93-609 (Repl. 2016). We affirm.

## I. *Background*

Sims pleaded guilty to first-degree murder in 1995 and was sentenced to 360 months' imprisonment; he was granted parole in 2007. In 2010, Sims pleaded guilty to first-degree battery and kidnapping and was sentenced to concurrent terms of 180 months' imprisonment to run concurrently with his remaining sentence for first-degree murder. The judgment and commitment order reflects that the crimes were committed in October 2009 and that Sims was sentenced in June 2010, but the order does not reflect that Sims was

sentenced as a habitual offender under section 5-4-501(d)(1) (Supp. 2007). Nevertheless, ADC records reflect that section 16-93-609 has been applied to Sims's sentence for battery and kidnapping to determine that he is ineligible for parole. Sims's release date falls on October 24, 2024, when his fifteen-year sentence expires.

## II. *Declaratory Judgment and Writ of Mandamus*

A petition for declaratory judgment and writ of mandamus is civil. *Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757. The purpose of a declaratory judgment is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Rogers v. Knight*, 2017 Ark. 267, at 2, 527 S.W.3d 719, 721. Declaratory relief may be granted if the petitioner establishes (1) a justiciable controversy; (2) that the controversy is between persons whose interests are adverse; (3) that the party seeking relief has a legal interest in the controversy; and (4) that the issue involved in the controversy is ripe for judicial determination. *Id.* at 2–3, 527 S.W.3d at 721. A case is nonjusticiable when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* at 3, 527 S.W.3d at 721. A legal interest in the controversy means that the party seeking declaratory relief must have a legally protectable interest. *Palade v. Bd. of Trs. of Univ. of Ark. Sys.*, 2022 Ark. 119, at 7, 645 S.W.3d 1, 5. A declaratory judgment will not be granted unless the danger or dilemma of the plaintiff is present, not contingent on the happening of hypothetical future events; the prejudice to his position must be actual and genuine and not merely possible, speculative, contingent, or remote. *See Monsanto Co. v. Ark. State Plant Bd.*, 2021 Ark. 103, at 9, 622 S.W.3d 166, 172.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Harmon v. Noel-Emsweller*, 2022 Ark. 26, at 2. A petitioner must

show a clear and certain right to relief and that there is no other remedy. *Id.* Without establishing a right to declaratory judgment, there is no basis for a writ of mandamus. *Waller*, 2016 Ark. 252, at 5–6, 493 S.W.3d at 761.

Claims pertaining to parole eligibility as fixed by statute fall clearly within the domain of the ADC. *Rainer v. State*, 2022 Ark. 159, 651 S.W.3d 713. Parole eligibility is determined by the law in effect at the time the crime is committed. *Warren v. Felts*, 2017 Ark. 237. Because parole eligibility falls clearly within the executive branch and, specifically, the ADC, this court lacks jurisdiction to instruct the circuit court to apply specific parole statutes to criminal convictions. *Smith v. State*, 2022 Ark. 95. Determinations concerning parole eligibility do not call into question the legality of the original judgment in the case. *Rainer*, 2022 Ark. 159, 651 S.W.3d 713. Parole-eligibility determinations by the ADC do not constitute an enhancement or a modification of a prison sentence, and there is no requirement that a parole-eligibility statute be referenced in the judgment. *Finney*, 2020 Ark. 145, 598 S.W.3d 26.

We review the denial of a declaratory-judgment action with a clearly erroneous standard. *Haile v. Johnston*, 2016 Ark. 52, at 3, 482 S.W.3d 323, 325. The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Rogers v. Ark. Dep't of Corr.*, 2022 Ark. 19, at 3, 638 S.W.3d 265, 268. A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. *Id.*, 638 S.W.3d at 268.

## III.  *Claims for Relief*

The allegations raised by Sims in the petitions filed in the circuit court are repeated on appeal. Sims contends that section 5-4-501(d)(2) is inapplicable to him because

subdivision (d)(1) requires convictions of two prior violent offenses, whereas Sims contends that he was convicted of only one prior offense. Sims is mistaken. This court has applied section 16-93-609(b)(2) and section 5-4-501(d)(2) when the prior conviction consisted of only one offense. *Harkuf v. Marony*, 2022 Ark. 55, 639 S.W.3d 872. Sims's second argument—that he is entitled to relief because section 16-93-609(d)(2) was not reflected on the judgment—is also unavailing. As stated above, parole statutes such as section 16-93-609 do not have to be reflected on the judgment. *See Finney*, 2020 Ark. 145, 598 S.W.3d 26.

When Sims committed the crimes of first-degree battery and kidnapping, section 16-93-609(b)(1) was in effect. That statute provides, in pertinent part, that any person who commits a violent felony offense or any felony sex offense after August 13, 2001, and who has previously been found guilty of, or pleaded guilty or nolo contendere to, any violent felony offense shall not be eligible for release on parole by the parole board. Ark. Code Ann. § 16-93-609(b)(1). The term violent felony offense is defined by cross-reference to Arkansas Code Annotated section 5-4-501(d)(2), which lists first-degree murder, kidnapping, and first-degree battery as violent offenses. *See* Ark. Code Ann. § 5-4-501(d)(2)(i), (iii) & (vi) (Supp. 2023); *see also Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26.

Finally, Sims filed a motion for default judgment in April 2023, wherein he alleged that the circuit court had ordered the appellee to respond to his petitions within thirty days, and the appellee failed to respond within that time frame.[1] There is no such order from the

---

[1]The record reflects that a summons was issued to appellee on January 24, 2023, advising that a response was due in thirty days, but there is no proof of service included in the summons and therefore no proof of the date on which appellee received the summons. According to appellee's brief, appellee did not receive the summons related to the petitions

circuit court in the record. In any event, Sims failed to obtain a ruling addressing his motion for default judgment, and the issue is waived on appeal. Arguments must be raised and ruled on to preserve the issues for appellate review. *Carter v. State*, 2023 Ark. 37, 660 S.W.3d 793.

Sims has not established a right to parole eligibility. As there is no right to declaratory judgment, there is no basis for the issuance of a writ of mandamus. *Waller*, 2016 Ark. 252, at 5–6, 493 S.W.3d at 761. The circuit court did not clearly err or abuse its discretion, respectively, when it denied and dismissed Sims's petitions for declaratory judgment and writ of mandamus.

Affirmed.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1] Because there is not an express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[2]  For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[3]

*Charles Sims*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.

---

for declaratory judgment and writ of mandamus until February 6, 2023, and the response was filed on March 6, 2023, within thirty days. *See* Ark. R. Civ. P. 12(a) (2022).

[1] *See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting).

[2] *Id.*

[3] *Id.*